The STATE of Ohio, Appellee,

v.

HAWK, Appellant.

[Cite as *State v. Hawk* (1992), 81 Ohio App.3d 296.]

Court of Appeals of Ohio,
Summit County.

Nos. 15224, 15281.

Decided Feb. 12, 1992.

*Lynn Slaby,* Prosecuting Attorney, for appellee.

*Philip J. Korey* and *Robert G. Walton,* for appellant.

REECE, Judge.

On December 28, 1990, defendant-appellant, Samuel D. Hawk, was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2). This count carried a firearm specification, R.C. 2941.141, and a physical harm specification, R.C. 2941.143.

Hawk, with counsel, appeared before the court on April 1, 1991 for a status hearing. As a result of plea negotiations, it was agreed that Hawk would plead guilty to the lesser offense of aggravated assault, R.C. 2903.12, along

with the physical harm specification. It was the understanding of the parties and the court that Hawk would be eligible for probation.

The court filed its journal entry on April 4, 1991, amending the indictment. While this entry changed the offense from felonious assault to aggravated assault and dismissed the firearm specification, it reflected no other changes to the indictment.[1] The text of count one in the original indictment referred to Hawk's use of a "shotgun" in the committing the alleged crime. Under R.C. 2951.02(F)(3), a defendant convicted of an offense while "armed with a firearm or dangerous ordnance" is not eligible for probation. Because the court's amendment to the indictment failed to remove the firearm reference in count one from the plain language of the indictment, Hawk could not receive probation.

On April 29, 1991, Hawk was sentenced to prison for an indeterminate period of two to five years. Hawk moved to withdraw his guilty plea and set aside his conviction on May 17, 1991. Hawk contends his guilty plea was not voluntary because it was made with an understanding that he would be eligible for probation, when, based on the amended indictment, probation was prohibited by statute.

The court, attempting to correct the indictment, filed what is called a *nunc pro tunc* entry on June 19, 1991. While this entry removed all reference to a firearm from the indictment, it only compounded the problems. As a result of this entry, the indictment charges Hawk with assault, R.C. 2903.13, a first degree misdemeanor.[2]

---

**1.** Count One in the original indictment states in part:

 " * * * That Samuel D. Hawk on or about the 3rd day of November, 1990, in the County of Summit and State of Ohio, aforesaid, did commit the crime of felonious assault, in that he did knowingly cause or attempt to cause physical harm to [Victim], by means of a deadly weapon, to wit: *20 gauge shotgun,* as defined in section 2923.11 of the Revised Code, in violation of section 2903.11(A)(2) of the Ohio Revised Code, an aggravated felony of the second degree. * * * " (Emphasis added.)

 The court's journal entry of April 4, 1991, amending the indictment, states in part:

 "Upon motion of the prosecuting attorney on behalf of the State of Ohio, the court hereby amends One (1) Count of the indictment to the lesser and included offense of aggravated assault.

 "Thereupon, said Defendant retracts his plea of Not Guilty heretofore entered, and for plea to said indictment, says he is guilty of aggravated assault, as contained in the amended One (1) Count of the indictment, with specification Two to Count One, Ohio Revised Code section 2903.11(A)(2), a felony of the fourth degree, which plea voluntarily made and with a full understanding of the consequences, is accepted by the court. It is further ordered that the specification One to Count One herein be dismissed."

**2.** Felonious assault, R.C. 2903.11, and aggravated assault, R.C. 2903.12, are parallel offenses. See Committee Comment to H.B. No. 511. Both offenses require the state to prove that the defendant did either:

 "(1) Cause *serious* physical harm to another; [or]

On June 26, 1991, Hawk moved for shock probation. The court, on July 26, 1991, denied both the motion to withdraw the guilty plea and the request for probation. Hawk appeals, raising four assignments of error.

## Assignments of Error

"I. The defendant's plea of guilty to a non-probationable offense was void under the due process clause of the Fourteenth Amendment in that the trial court, the prosecution, and defendant's counsel, and the defendant erroneously believed that the offense to which he pleaded guilty was a probationable offense. Since the defendant did not fully understand the consequences of his plea, to wit, that he was not eligible for probation and/or shock probation, his plea and resulting sentence should have been vacated.

"II. Defendant's plea is void in that the trial court did not substantially comply with Criminal Rule 11(C)(2)(a).

"III. The trial court erred in overruling the defendant's motion to withdraw the plea."

Hawk's first three assignments of error are interrelated and will be addressed together.

It is fundamental that a guilty plea, to comply with due process, must be voluntarily given by the defendant. *McCarthy v. United States* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 425. To be voluntary, the defendant must act with a "full understanding of the consequences" of his plea. *State v. Bowen* (1977), 52 Ohio St.2d 27, 28, 6 O.O.3d 112, 113, 368 N.E.2d 843, 844, citing *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012. A guilty plea induced by "unfulfilled or unfulfillable promises," made by either the prosecution, the court, or defendant's counsel is not voluntary. *Brady v. United States* (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760. See, also, Crim.R. 11(C)(2)(a).

Hawk's position, simply stated, is that he was induced to plead guilty by a promise of eligibility for probation which was "unfulfillable" based on the plain language of the amended indictment. In response, the state claims the failure to eliminate the firearm reference from the indictment was a mere

---

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance * * *." (Emphasis added.)

Hawk was originally indicted for felonious assault under R.C. 2903.11(A)(2), which does not require proof of "*serious* physical harm" to the victim since Hawk used a firearm. By removing any reference to a firearm from the body of count one, the indictment reads that Hawk caused "physical harm" to the victim. Without "serious" to modify "physical harm" the offense becomes assault under R.C. 2903.13, a first degree misdemeanor.

clerical error. The state contends that at all times the court treated Hawk as eligible for probation.[3] Therefore, he received what he bargained for and should not now be heard to complain because the court, in exercising its sentencing discretion, chose to deny probation. The state's position is valid only if, from the record, Hawk was in fact eligible for probation when he was sentenced.

The issue is whether the court's failure to delete the firearm reference from the indictment was in fact an error subject to correction at a later time. In support of its position the state points to Crim.R. 36, which permits the court to correct errors in the record. Crim.R. 36 states:

"Clerical mistakes in judgments, orders or other parts of the record, and errors in the record arising from *oversight or omission,* may be corrected by the court at any time." (Emphasis added.)

The state argues that the court's failure to delete the firearm reference from the body of count one falls under the category of an "oversight or omission." It contends that because all parties, including the court, believed Hawk to be eligible for probation, the clear intent of the court was to delete the firearm reference from the indictment. Therefore, the court's *nunc pro tunc* order correcting the record was valid.

However, we find the state's reliance on Crim.R. 36 to be misplaced. In order to correct an error in the record, including an omission, there must be some indication of the court's previous intent. Somewhere that intent, which was incorrectly recorded or omitted, must be manifested in the record. This court has previously stated that a *"nunc pro tunc* order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide." *State v. Greulich* (1988), 61 Ohio App.3d 22, 25, 572 N.E.2d 132, 134. See *Webb v. W. Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289.

In the present case the court's *nunc pro tunc* entry is valid only if there is some indication in the record of the court's intent to delete the firearm reference from the body of count one. Except for the promise of eligibility for probation, we fail to find any such expression. At the April 1, 1991 status hearing, the court agreed only to reduce the charge to aggravated assault and dismiss the firearm specification. We find nothing in the record indicating

---

**3.** We note that at least one member of this court believes, based on the plain language of R.C. 2951.02(F)(3), that anytime it comes to the court's attention that a firearm or dangerous ordnance was used in the commission of a crime, then probation is strictly prohibited by the statute. Under this interpretation of R.C. 2941.02 Hawk would not have been eligible for probation regardless of any amendment to the indictment. Whether this is the correct interpretation we do not now have to decide.

that at sentencing the court considered Hawk eligible for probation. If the court had made some indication that it was exercising its discretion in denying probation, this might be some support for a later correction to the indictment. In amending the indictment on April 4, 1991, the court reduced the charge to aggravated assault, citing R.C. 2903.12, generally. If the court had referred to R.C. 2903.12(A)(1), which does not require the use of a deadly weapon as an element of the crime, this would lend support for correcting the record. But in review, we find none of these circumstances present in this case.

By these examples we do not imply that any one of them would suffice as evidence of the court's past intent. We only point out that their existence would add some credence to the state's position that the *nunc pro tunc* order is valid. Absent something tangible, evincing a past error, the court cannot utilize a *nunc pro tunc* entry to alter the record. Accepting the state's position would enable the court to add to and delete from the record at any time, based on a mere assertion that the change is a truthful manifestation of its previous intent. This we refuse to do.

■ Because the *nunc pro tunc* order was invalid, the indictment as originally amended must stand. Under this charge, Hawk was ineligible for probation. Thus, induced to plead guilty by an unfulfillable promise, Hawk's plea was not voluntary and in violation of Crim.R. 11(C)(2)(a) and due process. The court erred in denying Hawk's motion to withdraw his guilty plea.

Accordingly, Hawk's first three assignments of error are sustained and the court is ordered to vacate Hawk's guilty plea.

### Assignment of Error

"The trial court abused its discretion in not granting shock probation."

■ Although this assignment of error is rendered moot by our decision under the previous assignments of error, we reach it based on the mandate of *Criss v. Springfield Twp.* (1989), 43 Ohio St.3d 83, 538 N.E.2d 406.

Hawk asserts that he is a "prototype candidate" for shock probation under R.C. 2947.061, and therefore the court abused its discretion in denying his motion. The decision to deny shock probation belongs exclusively to the discretion of the trial court. A person convicted of a crime does not have a "substantial right" or "entitlement" to shock probation, regardless of the circumstances of the case. See *State v. Jones* (1987), 40 Ohio App.3d 123, 124, 532 N.E.2d 153, 154.

This assignment of error is not well taken and therefore overruled. This cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., concurs.

QUILLIN, J., concurs in judgment only.