Defendant-appellant, Kevin C. Page, appeals the decision of the Franklin County Court of Common Pleas accepting his guilty plea. On October 23, 1995, appellant pled guilty to felonious assault and was sentenced to five to fifteen years imprisonment. On September 17, 1998, appellant filed a motion for delayed appeal to challenge the voluntariness of his guilty plea. We granted the motion for delayed appeal on October 29, 1998.
Appellant assigns the following assignment of error:
 WHEN THE RECORD REVEALS THAT THE TRIAL COURT DOES NOT SUBSTANTIALLY COMPLY WITH THE CONSTITUTIONAL REQUIREMENTS OF CRIM. R. 11, THE RESULTING "PLEA OF GUILTY" IS NOT VOLUNTARILY MADE CONTRA THE OHIO AND FEDERAL CONSTITUTIONS.
In his sole assignment of error, appellant asserts that his guilty plea was not voluntarily made. In support of his assertion, appellant argues that the trial court did not substantially comply with the constitutional requirements codified in Crim.R. 11. We disagree.
Crim.R. 11 governs a trial court's decision to accept a defendant's guilty plea and requires the trial court to personally inform the defendant of his or her rights and the consequences of the plea. State v. Kapper (1983), 5 Ohio St.3d 36,38. Crim.R. 11 requires the trial court to determine if the defendant's guilty plea is understandably and voluntarily made.Id. A defendant must be aware of the constitutional rights that he or she is waiving in order for a plea to be voluntarily made. Henderson v. Morgan (1976), 426 U.S. 637, 645, n. 13.
The United States Supreme Court set forth the constitutional rights that the trial court must discuss with the defendant at the plea hearing in order for a plea to be voluntarily made.Boykin v. Alabama (1969), 395 U.S. 238, 243. The court held that a trial judge must inform the defendant that a plea of guilty constitutes a waiver of the following constitutional rights: (1) the right against compulsory self-incrimination; (2) the right to a jury trial; and (3) the right to confront one's accusers. Id.
Crim.R. 11(C)(2) contains provisions that require the trial court to directly inform the defendant that he or she is waiving these constitutional rights outlined inBoykin. See State v. Johnson (1988), 40 Ohio St.3d 130,132-133.
Additionally, Crim.R. 11(C)(2) requires the trial court to directly inform the defendant that a guilty plea constitutes a waiver of his or her constitutional right to a compulsory process of witnesses to testify on his or her behalf. The Ohio Supreme Court acknowledged that the right to compulsory process of witnesses is a constitutional right along with the rights outlined in Boykin. State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. The trial court is required to explain the constitutional rights outlined in Boykin andBallard in a manner reasonably intelligible to the defendant in order for the guilty plea to be voluntarily made. Id., at paragraph two of the syllabus.
In this case, the record demonstrates that, before accepting appellant's guilty plea, the trial court informed appellant that, by entering a guilty plea, he would waive his right to a jury trial, the right to remain silent at trial, and the right to cross-examine those who testify against him at trial. The trial court also informed appellant that, by entering a guilty plea, he would waive his right to subpoena witnesses for trial in his defense. Appellant affirmed that he understood that, by entering a guilty plea, he would waive the rights noted above. As such, we conclude that the trial court complied with the requirements under Crim.R. 11 mandating the trial court to inform appellant that, by entering a guilty plea, he would be waiving those constitutional rights outlined in Boykin andBallard.
Additionally, in his assignment of error, appellant asserts that the trial court was unable to accept the guilty plea under Crim.R. 11(C)(2) until it asked appellant if any promises of shock probation were made to him, or at least inform appellant as to whether he was eligible for shock probation. Again, we disagree.
Crim.R. 11(C)(2)(a) indicates that the trial court is obligated to inform the defendant that he or she is not eligible for probation if the defendant is not so eligible. Crim.R. 11(C)(2); State v. Brigham (Feb. 27, 1997), Franklin App. No. 96APA07-964, unreported (1997 Opinions 548, 551);State v. Colbert (1991), 71 Ohio App.3d 734, 737.
However, Crim.R. 11(C)(2) does not require a trial court to ask the defendant if any promises or inducements were made to him or her in exchange for the guilty plea. State v. Evans
(Aug. 16, 1995), Hamilton App. No. C-940775, unreported. Similarly, under Crim.R. 11(C)(2), a trial court is not required to ask a defendant if he or she was promised shock probation before it decides to accept the guilty plea. Brigham,
at 551. Likewise, Crim.R. 11(C)(2) does not generally require the trial court to discuss a defendant's shock probation eligibility before it decides to accept the defendant's guilty plea. Id.
We acknowledge that Crim.R. 11(C)(2) and constitutional due process requirements mandate that a defendant must have a full understanding of the consequences of his or her guilty plea for the plea to be voluntary. State v. Hawk (1992), 81 Ohio App.3d 296,299; Crim.R. 11(C)(2). Thus, a guilty plea is not voluntarily made when induced by unfulfilled promises made by the court, the prosecution or defense counsel. Hawk, at 299, citing Brady v. United States (1970), 397 U.S. 742, 755;Boykin, at 242-243; State v. Bowen (1977), 52 Ohio St.2d 27; Evans.
We have previously held that, during a plea hearing, the trial court must provide an accurate answer to a defendant's question regarding his or her eligibility for shock probation in order for the defendant to make an intelligent waiver of his or her rights by entering a guilty plea. Brigham, at 551. We conclude, therefore, that the trial court must address the issue of appellant's eligibility for shock probation when the issue is brought before the trial court during the plea hearing in order for the defendant to have a full understanding of the consequences of his or her guilty plea.
In this case, appellant did not inform the trial court that he was promised shock probation in exchange for his plea. Appellant gave no indication during the plea hearing of the source or circumstance of the alleged promise for shock probation. Moreover, appellant did not raise the issue of his eligibility for shock probation during the plea hearing. As such, we conclude that the trial court was not required to address the issue of whether appellant was promised shock probation nor whether appellant was eligible for shock probation before it decided to accept appellant's guilty plea. Therefore, we conclude that the trial court did not err by accepting appellant's guilty plea without asking him whether he was promised shock probation or without discussing appellant's eligibility for shock probation.
In addition to our conclusions noted above, we conclude that the trial court complied with the other requirements of Crim.R. 11(C)(2) upon accepting appellant's guilty plea. Crim.R. 11(C)(2)(a) requires the trial court to personally inform the defendant of the nature of the charge, as well as the maximum penalty involved.
In this case, the trial court complied with this requirement. The record discloses that the trial court informed appellant that he was pleading guilty to felonious assault. The trial court informed appellant that felonious assault was an aggravated felony of the second degree and that he faced a maximum of eight to fifteen years of incarceration and a fine of up to $7,500. Appellant affirmed that he understood the nature of the charge and the maximum sentence that he was facing.
As well, Crim.R. 11(C)(2)(b) requires the trial court to directly inform the defendant that, upon acceptance of the plea, the trial court may proceed with judgment and sentence. In this case, the trial court informed appellant that, once it accepted the plea, it could find appellant guilty and proceed to sentencing. Appellant affirmed that he understood that the trial court could so proceed once it accepted the guilty plea. Thus, we conclude that the trial court properly complied with Crim.R. 11(C)(2) before accepting appellant's guilty plea.
Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and BRYANT, JJ., concur.