MEMORANDUM DECISION
Appellant, Dale Davis, appeals from a judgment of the Franklin County Court of Common Pleas that overruled his motion to withdraw his 1990 plea of guilty to rape. Appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT MR. DAVIS UNDERSTOOD THAT HIS OFFENSE WAS INELIGIBLE FOR SHOCK WHEN THE COURT FAILED TO NOTIFY HIM THEREOF, IN VIOLATION OF HIS DUE PROCESS RIGHTS OF THE OHIO AND UNITED STATES CONSTITUTIONS.
For the reasons which follow, we affirm the judgment of the trial court.
In 1997, appellant filed a motion to withdraw his plea of guilty to one count of rape for the reason that the trial court failed to comply with Crim.R. 11, in that it did not advise appellant he was not eligible for shock probation. Appellant does not argue that there was any other failure by the trial court to comply with Crim.R. 11. A review of appellant's guilty plea indicates that the trial court advised appellant that, by pleading guilty, he was giving up his right to a trial by jury; his right to subpoena, question and cross-examine witnesses; that the state had the burden to prove his guilt beyond a reasonable doubt; he was waiving his right to remain silent; and his right to appeal his conviction. The trial court ascertained appellant was aware of the charges pending against him, advised him of the minimum and maximum penalties, and appellant admitted he was not promised anything by anyone in exchange for his plea of guilty, beyond the dismissal of some charges and the reduction of another charge. The issue of shock probation was not raised by appellant or his counsel at any time during the plea proceedings.
Crim.R. 32.1 provides in part:
 * * * [T]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and, in the absence of an abuse of that discretion, the decision of the trial court must be affirmed. The burden of establishing the existence of manifest injustice is upon the defendant. State v. Smith (1977), 49 Ohio St.2d 261. Although Crim.R. 32.1 does not define manifest injustice, reasonably defined it is the defect in the proceedings involved in the defendant's plea of guilty or no contest that is so fundamental as to have created an injustice that is obvious from the record and which in order to correct it justifies an order vacating the conviction. State v. George (Aug. 13, 1999), Clark App. No. 98-CA-0091, unreported.
The issue of whether the trial court's failure to advise a defendant at the time of entering a guilty plea that he is ineligible for shock probation was recently addressed by this court in State v. Page (June 30, 1999), Franklin App. No. 98AP-1191, unreported (1999 Opinions 1990). This court stated, at 1993-1994:
 Crim.R. 11(C)(2)(a) indicates that the trial court is obligated to inform the defendant that he or she is not eligible for probation if the defendant is not so eligible. Crim.R. 11(C)(2); State v. Brigham
(Feb. 27, 1997), Franklin App. No. 96APA07-964, unreported (1997 Opinions 548, 551); State v. Colbert (1991), 71 Ohio App.3d 734, 737.
 * * * [U]nder Crim.R. 11(C)(2), a trial court is not required to ask a defendant if he or she was promised shock probation before it decides to accept the guilty plea. Brigham, at 551. Likewise, Crim.R. 11(C)(2) does not generally require the trial court to discuss a defendant's shock probation eligibility before it decides to accept the defendant's guilty plea. Id.
 We acknowledge that Crim.R. 11(C)(2) and constitutional due process requirements mandate that a defendant must have a full understanding of the consequences of his or her guilty plea for the plea to be voluntary. State v. Hawk (1992), 81 Ohio App.3d 296, 299; Crim.R. 11(V)(2). Thus, a guilty plea is not voluntarily made when induced by unfulfilled promises made by the court, the prosecution or defense counsel. Hawk, at 299, citing Brady v. United States (1970), 397 U.S. 742, 755; Boykin, at 242-243; State v. Bowen (1977), 52 Ohio St.2d 27, Evans.
 We have previously held that, during a plea hearing, the trial court must provide an accurate answer to a defendant's question regarding his or her eligibility for shock probation in order for the defendant to make an intelligent waiver of his or her rights by entering a guilty plea. Brigham, at 551. We conclude, therefore, that the trial court must address the issue of appellant's eligibility for shock probation when the issue is brought before the trial court during the plea hearing in order for the defendant to have a full understanding of the consequences of his or her guilty plea.
 * * * [A]ppellant did not inform the trial court that he was promised shock probation in exchange for his plea. * * * [A]ppellant did not raise the issue of his eligibility for shock probation during the plea hearing. As such, we conclude that the trial court was not required to address the issue of whether appellant was promised shock probation nor whether appellant was eligible for shock probation before it decided to accept appellant's guilty plea. Therefore, we conclude that the trial court did not err by accepting appellant's guilty plea without asking him whether he was promised shock probation or without discussing appellant's eligibility for shock probation.
Thus, based on the facts of this case, we find that the trial court complied with Crim.R. 11 and did not err when it denied appellant his right to withdraw his guilty plea. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.