In this accelerated appeal, appellant George Krocker assigns three errors challenging his conviction and sentence after his guilty plea to possession of drugs.
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION FOR A FELONY OF THE FIFTH DEGREE WITHOUT TAKING INTO CONSIDERATION THE STATUTORY FACTORS NECESSARY TO REBUT THE PRESUMPTION OF COMMUNITY CONTROL SANCTIONS AND IN FAILING TO CONSIDER THE MITIGATING FACTORS PRESENTED BY APPELLANT.
 II. THE TRIAL COURT ERRED IN CONSIDERING FACTORS NOT CONTAINED IN THE STATUTORY SENTENCING GUIDELINES IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION INSTEAD OF THE COMMUNITY CONTROL SANCTIONS PRESUMED BY R.C. 2929.12 AND R.C. 2929.13 FOR A FELONY OF THE FIFTH DEGREE.
 III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE AGREED TO WITHDRAW A MOTION TO SUPPRESS AND ENTER A PLEA OF GUILTY TO THE INDICTMENT BASED UPON TRIAL COUNSEL'S PROMISE THAT HE WOULD RECEIVE COMMUNITY CONTROL SANCTIONS IF HE ENTERED THE GUILTY PLEA.
After reviewing the evidence and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The Cuyahoga County Grand Jury indicted Krocker for possession of crack cocaine. He initially entered a not guilty plea and filed a motion to suppress the evidence seized by police, but later waived his right to a hearing on the motion to suppress and changed his plea to guilty. At the plea hearing, the trial court asked Krocker if he understood that, by entering a plea, he waived his right to a hearing on the motion to suppress. Krocker stated that he understood and confirmed that he had read and understood a plea agreement form containing a section entitled Defendant's Understanding of Sentencing Consequences, which explained the circumstances under which a prison sentence would be appropriate. Krocker also told the trial court he understood that the court would be considering that section in determining a sentence. Krocker also told the trial court he didn't have any questions about anything on the document. Thereafter, the trial court accepted Krocker's guilty plea to the indictment.
At his sentencing hearing, fifty-year-old Krocker told the court that a drug test he took on the day after his guilty plea was negative. He explained that he took the test on his own because the Probation Department failed to conduct a urinalysis as ordered by the trial court. The trial court asked Krocker about John Stetzy, a young man in his mid-20's who was arrested with Krocker. Krocker told the court he consumed cocaine with Stetzy even though he knew Stetzy was on probation at the time and was subject to regular urine testing. The court told Krocker that Stetzy had appeared before him many times and described Stetzy as fragile and confused. The court asked Krocker why he would consume drugs with Stetzy when he knew that Stetzy was on probation. Krocker replied that he, too, had a problem with drugs and overlooked the problems of others around him. Krocker added he was in self-denial and didn't think his drug use was having any effect on his life until recently.
Krocker's trial counsel advised the court that Krocker successfully completed a drug treatment program at St. Michael's Hospital and had received an award of excellence for talking to others about addiction, denial, and his experience with the penitentiary system. Krocker's trial counsel also explained that Krocker was the father of two children and was operating a successful lawn maintenance business.
The trial court noted Krocker's participation in drug treatment and his business operation, but also noted that Krocker had been to prison four times. The court characterized Krocker's drug use as a lifestyle choice rather than denial. The court discussed what happened to Stetzy.
 And Mr. Stetzy is one of the saddest cases that I've had come before me. Because, as I indicated in my questioning of Mr. Krocker in our conversation just a few moments ago, he was, if anything, fragile and confused, and to put it delicately, kind of a general screw-up. Although Mr. Stetzy is responsible for his own actions and must accept his own consequences, to some extent, there are others and have been others around him who have facilitated and exploited him, and that was the whole point of this discussion about the difference in age and experience and knowing the young man's on probation and knowing that he's going to be violated and he does nothing to help him and then facilitates his use. It's not Mr. Krocker's responsibility to save a John Stetzy from the consequences of his own behavior, but Mr. Stetzy went to the penitentiary on this case, and it is difficult for me, keeping in mind that our sentences should be fair and proportionate, to let Mr. Krocker walk out of here.
(Tr. 19 — 20.)
The court additionally found Krocker not amenable to a community-control sanction and concluded anything short of a prison sentence would demean what happened in this case. (Tr. 21.) The trial court sentenced Krocker to eight months in jail with credit for time served. The court also suspended his driving privileges for the time of his incarceration. This appeal followed.
In his first assignment of error, Krocker argues the trial court erred in sentencing him to prison without considering the statutory factors necessary to rebut the presumption of community control sanctions or the mitigating factors presented by Krocker. He also argues the trial court focused on the problems of John Stetzy and did not consider the mitigating information supplied by Krocker.
However, the record reveals the court did, in fact, consider the information presented by Krocker.
 I don't have time to review everything in here in detail, but I note for the record that you've handed me a sheet indicating attendance at meetings; a letter from the Community Assessment Foundation dated July 27th, 1999, indicating that Mr. Krocker is involved with them; I note certificates regarding his participation in drug treatment and some documents related to his business.
(Tr. 19.) The court stated on the record that it considered the information presented by Krocker in determining his sentence.
 I acknowledge what has been presented to me by way of his efforts to straighten out his own life. I don't buy this assertion that he's been in denial. If he has changed his lifestyle and the way he would live his life in the future, that's wonderful. But I think there still are consequences here.
(Tr. 21.) The court apparently reviewed the mitigating evidence submitted by Krocker but, nonetheless, decided that his offense warranted a prison term. The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215,724 N.E.2d 793, 799. Before sentencing Krocker to prison, the trial court found Krocker unamenable to a community control sanction and anything short of a prison sentence would demean the offense. See R.C. 2929.14(B). The Ohio Supreme Court has held once the trial court has made its findings, the findings set forth reasons and the finding is sufficient under R.C. 2929.1413. See State v. Edmondson (1999), 86 Ohio St.3d 324,326, 715 N.E.2d 131, 134 (Had the General Assembly intended the R.C.2929.14(B) finding to include reasons, it would have explicitly expressed that intent* * *.) Because we conclude the trial court properly considered all of the relevant statutory sentencing factors, we overrule Krocker's first assignment of error.
In his second assignment of error, Krocker argues the trial court erred in considering factors not contained in the statutory sentencing guidelines of R.C. 2929.12 and R.C. 2929.13. R.C. 2929.12(A) provides, in exercising its discretion to determine the most effective way to comply with the purposes and principles of felony sentencing, the trial court shall consider the factors set forth in R.C. 2929.12(B)-(E) and also any other factors that are relevant to achieving those purposes and principles of sentencing. The purposes of felony sentencing as set forth in R.C. 2929.11 are to protect the public from future crime by the offender and others and to punish the offender. In this case, the court considered Krocker's actions as they pertained to John Stetzy and concluded that the trial court had already sentenced Stetzy to prison and to do otherwise with Krocker would demean the seriousness of the offense. The court also noted Krocker's continuing pattern of drug use and his decision to consume drugs with Stetzy when he knew Stetzy was on probation. This information was clearly relevant to attaining the statutory sentencing goals of R.C. 2929.11. Krocker's second assignment of error is overruled.
In his third assignment of error, Krocker argues he was denied the effective assistance of counsel when his trial counsel agreed to withdraw his motion to suppress. He argues that his decision to enter a guilty plea was motivated by trial counsel's promise that he would receive community control sanctions if he pleaded guilty. We agree that a guilty plea is not voluntary if it is induced by unfulfilled or unfulfillable promises made by the prosecution, the court, or defendant's counsel. State v. Hawk (1992), 81 Ohio App.3d 296, 299, 610 N.E.2d 1082, citing Brady v. United States (1970), 397 U.S. 742, 755, 90 S.Ct. 1463,25 L.Ed.2d 747.
However, it is well settled, a claim of ineffective assistance of counsel that raises matters not appearing in the record may not properly be raised in a direct appeal. See State v. Gibson (1980), 69 Ohio App.2d 91,95, 430 N.E.2d 954, 957 (It is impossible for this court to determine on a direct appeal from a conviction whether an attorney was ineffective in his representation of a criminal defendant, where the allegation of ineffectiveness is based on facts dehors the record.) See, also, State v. Hennig (Oct. 8, 1999), Lake App. No. 98-L-118, unreported.
The record before us contains no evidence that Krocker's trial counsel promised him community control sanctions. In fact, the record contains evidence that no such promises were made. Krocker reviewed and signed a plea agreement that contained the following statement:
 I understand that a mandatory prison sentence is not required and that the Court MAY choose to impose one or more non-prison community control sanctions.
(Plea agreement at 2.) (Capitalization in original.) The plea agreement also provided:
 No promises have been made to me except for the promises contained in this written agreement, that no leniency in sentencing has been promised unless set forth in this agreement or stated by the judge in open court, and that no threats have been made to cause me to enter into this agreement and to plead guilty or no contest.
(Plea agreement at 4.)
Concluding no evidence in the record to support Krocker's ineffective assistance of counsel claim, we overrule his third assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and KENNETH A. ROCCO, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE