OPINION
Defendant-Appellant, Cindy L. Pitt, appeals from two judgments entered by the Wyandot County Common Pleas Court: the first, Wyandot Case No. 00-CR-0037, revoked judicial release and reimposed a previously suspended sentence, and the second, Wyandot Case No. 01-CR-0059, entered conviction and sentence upon pleas of guilt to two counts of forgery, in violation of R.C. 2913.31(A)(3), and one count of theft, in violation of R.C.2913.02(A)(1), all fifth degree felonies. The appeals were consolidated for purposes of briefing and review.
Pitt asserts that a bipolar disorder from which she suffers constitutes substantial grounds mitigating her criminal conduct, arguing that the trial court failed to appropriately consider the fact that she suffers from manic episodes brought on by the disorder in revoking her judicial release and considering the overriding principles and purposes of sentencing in imposing the new sentence and ordering that it be served consecutively to the previously suspended sentence. Because the trial court was familiar with Pitt's criminal history, had the opportunity to observe, weigh, and consider her credibility, and, in an appropriate exercise of discretion, determined the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, we affirm the trial court's judgments.
Procedural history and facts relevant to issues raised on appeal are as follows. In March of 2000, Pitt stole, forged, and cashed checks totaling $10,247 made payable to Bender Communications. As a result, Pitt was indicted and entered guilty pleas to seven counts of forgery, including six fifth degree felony violations, for which she was sentenced to eleven months imprisonment, and one fourth degree felony violation, for which she was sentenced to sixteen months imprisonment. The trial court ordered the sentences to be served concurrently.
On May 21, 2001, Pitt moved for judicial release and after oral argument, the motion was granted, the remainder of the sentence was suspended, and Pitt was placed on community control. While on release, Pitt obtained employment with OK Auto Mall in Upper Sandusky, Ohio. During the first week of September 2001, she stole two company checks from the business, made the checks payable to herself, forged signatures thereon, and cashed the instruments in the amount of $1,000. As a result of these activities, Pitt was charged with three additional fifth degree felonies, including two counts of forgery and one count of theft.
Thereafter, the State moved to show cause against the revocation of judicial release and the imposition of the previously suspended sentence. Pitt entered an admission to violating the terms of judicial release on November 8, 2001. The release was revoked, and the suspended sentence was reimposed on December 20, 2001, following a lengthy hearing.
The following day, Pitt withdrew her previous not guilty pleas, entered pleas of guilt to the three new offenses, and the matter proceeded to sentencing. Pitt was subsequently sentenced to eleven months on each count, with two counts to be served concurrently but consecutive to the third count. Furthermore, the court ordered that the new sentence be served consecutively to the previously suspended sentence.
Pitt perfected separate appeals from the revocation of judicial release in Wyandot Case No. 00-CR-0037 and the imposition of sentence in Wyandot Case No. 01-CR-0059, presenting the following assignment of error for our consideration:
 Assignment of Error The trial court's imposition of Defendant's previously suspended sentence followed by the imposition of consecutive prison terms on the new case is not supported by the record, and is in conflict with the overriding purposes of felony sentencing found in O.R.C. § 2929.11.
Within the assigned error, Pitt contends that a bipolar disorder from which she suffers constitutes substantial grounds mitigating her criminal conduct, arguing that the trial court failed to afford appropriate deference to the fact that she suffers from manic episodes brought on by the disorder in revoking judicial release and in considering the overriding principles and purposes of sentencing in imposing the new sentence and ordering that it be served consecutively to the previously suspended sentence.
R.C. 2929.20 vests trial courts with the authority to grant an "eligible offender" early judicial release from a period of incarceration. The determination of whether to grant judicial release rests entirely within the trial court's sound discretion.[1] Pitt was an eligible offender because she was serving a stated prison term of ten years or less, which did not include a mandatory prison term.[2]
Subsection (I) directs that the offender be placed under an appropriate community control sanction upon receiving judicial release, provides for the revocation of release in the event an offender violates the sanction, and permits the court to reimpose the previously suspended sentence either concurrently with, or consecutive to, any new sentence imposed as a result of a violation that is a new offense. Akin to the determination of whether to grant judicial release, the decision of whether to revoke release is an exercise within the trial court's sound discretion. Accordingly, we will not reverse the trial court's decision absent an abuse of discretion, which implies the trial court's attitude was unreasonable, arbitrary, or unconscionable.[3] "A decision is unreasonable if there is no sound reasoning process that would support that decision."[4]
R.C. 2929.11 provides that a court sentencing an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender.[5]
To achieve those purposes, the sentencing court is directed to consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.[6]
Under the felony sentencing guidelines, the sentencing judge has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.[7]
When sentencing an offender for a felony of the fourth or fifth degree, R.C. 2929.13(B)(2)(a) requires courts to consider the factors set forth in R.C. 2929.12 in determining whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11
and whether the offender is amenable to available community control sanctions. R.C. 2929.12(C)(4) provides that courts shall consider whether "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." This does not, however, require that any certain weight be given to potentially mitigating circumstances; instead, the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.[8]
R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13; division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
Pitt asserts that she was not rehabilitated during her brief term of incarceration prior to judicial release, that it was an unproductive experience, that she did not receive counseling tailored to treat her specific situation or illness, and that programs currently available will not adequately address her needs, concluding that imposition of a term of imprisonment is not a viable source of rehabilitation, will not serve to prevent future crimes, and will not achieve the "overriding purpose" of restitution.
During the December 20, 2001 release revocation hearing, Karen Long, a psychiatric counselor at Marion General Hospital, testified that Pitt suffered from bipolar disorder, an affective mood disorder in which the subject experiences swings between manic episodes, characterized by feelings of empowerment, euphoria, racing thoughts, restlessness, and inability to predict the consequences of one's actions, and periods of depression. Pitt was diagnosed as an individual who tends to remain on the more functional end of the manic spectrum, being able to maintain a positive mood and productive output. When asked about the connection between the disorder and Pitt's criminal conduct, Long indicated that an individual's thought process may be proceeding so rapidly that they make impulsive decisions marked by lack of judgment and that Pitt's condition manifested itself in her decision to steal blank checks and belief she could pay them back.
Having heard the testimony and arguments presented and after reviewing the presentence investigation report, the trial court found that, although it believed that Pitt had a mental illness, she was aware of the illness for several years and her criminal activity escalated despite her treatment, thereby causing significant financial harm and jeopardizing other individuals' careers. The court further found that her present testimony conflicted with that given at the judicial release request hearing, wherein she stated that the guidance she received during incarceration was the best thing that ever happened to her. Reviewing the circumstances of her criminal violations, the court indicated that her deceptive and dishonest conduct illustrated reflected deliberation and design, was not the impulsive, irrational acts characteristic of manic episodes, and did not appear to be related to her disorder. The court stated that it believed Pitt was using the mental health issue as a crutch and excuse for her criminal acts. Moreover, the court found that Pitt was not qualified to judge the availability or effectiveness of treatment programs offered with her limited exposure to the penal system. As a result, the court revoked judicial release, sentenced Pitt to eleven months on each of the new counts, with two counts to be served concurrently but consecutive to the third count, and ordered that the new sentence be served consecutively to the previously suspended sentence.
We are not faced with the situation where a court has failed or refused to consider a potentially mitigating factor, as the court found that the circumstances surrounding her criminal activity, testimonial inconsistencies, and lack of credibility undermined the weight to be afforded the evidence. As mentioned previously, the trial court, in exercising its sentencing discretion, determines the most effective way to comply with the principles and purposes of sentencing as set forth in R.C. 2929.11 and the weight to be afforded any particular statutory factors, mitigating grounds, or other relevant circumstances. In this case, the trial court was familiar with Pitt's criminal history and had the opportunity to observe, weigh, and consider her credibility in light of her inconsistent testimony. Because the trier of fact is in a better position to observe a witness' demeanor, the credibility of the witness and the weight to be afforded the evidence are determinations primarily reserved to the trier of fact.[9] A reviewing court should generally not disturb the trial court's findings on issues of credibility.[10]
Moreover, the court was free to find that incarceration and the services provided therein addressed the need for rehabilitation and that the need for incapacitating Pitt and deterring her from future crime outweighed the need for immediate restitution.
Having reviewed the entirety of the record herein, we find that the trial court's analysis illustrates that it fulfilled its obligation to consider appropriate sentencing guidelines and that the record supports the court's determinations. Moreover, we cannot say that the attitude of the trial court was unreasonable, arbitrary, or unconscionable. Therefore, Pitt has not shown that the trial court abused its discretion in revoking judicial release and has not clearly and convincingly demonstrated that the sentence imposed was unsupported by the record or contrary to law. Accordingly, Pitt's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgments of trial court are affirmed.
Judgments affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] State v. Douglas (April 5, 2001), Tuscarawas App. No. 2000AP050045; State v. Anderson (Oct. 6, 2000), Ashtabula App. No. 98 A 110, appeal not allowed by 91 Ohio St.3d 1449, 742 N.E.2d 146; State v.Hawk (1992), 81 Ohio App.3d 296, 301, 610 N.E.2d 1082.
[2] See R.C. 2929.20(A).
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[4] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[5] R.C. 2929.11(A).
[6] Id.
[7] R.C. 2929.12(A).
[8] State v. Wobbler (April 23, 2002), Putnam App. No. 12-01-13, 2002-Ohio-2080, at ¶ 9; State v. Nutter (Aug. 24, 2001), Wyandot App. No. 16-01-06; State v. Arnett (2000), 88 Ohio St.3d 208, 215,2000-Ohio-302, 724 N.E.2d 793, citing State v. Fox (1994),69 Ohio St.3d 183, 193, 631 N.E.2d 124; State v. Mills (1992),62 Ohio St.3d 357, 376, 582 N.E.2d 972.
[9] State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212, paragraph one of syllabus.
[10] State v. Johnson (Dec. 8, 2000), Crawford App. Nos. 3-2000-15, 3-2000-16, appeal not allowed by 91 Ohio St.3d 1482, 744 N.E.2d 1195, and94 Ohio St.3d 1486, 763 N.E.2d 1184.