This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Ralph Harbert has appealed from an order of the Summit County Court of Common Pleas that granted him two hundred eighty-eight days of credit for time served toward his sentence. Because we are without jurisdiction to review the order from which Appellant has appealed, this Court dismisses the appeal.
 I
{¶ 2} On May 16, 1995, a jury found Appellant guilty of two counts of rape, two counts of gross sexual imposition, and one count of kidnapping. The trial court merged Appellant's convictions for gross sexual imposition with the rape convictions for purposes of sentencing. The trial court then sentenced Appellant to concurrent terms of life imprisonment for each rape conviction, and a term of eight to fifteen years imprisonment for the kidnapping conviction, to be served consecutively to the sentences for rape. Appellant appealed to this Court, and we reversed and remanded the case for an entry of acquittal on one of the counts of rape, and for further proceedings consistent with our decision. State v. Harbert (May 29, 1996), 9th Dist. No. 17320.
{¶ 3} Upon remand, a second supplemental indictment was filed against Appellant, charging him with several additional counts. Appellant subsequently pleaded guilty to three counts each of gross sexual imposition and endangering children. On July 15, 1997, the trial court sentenced Appellant to terms of two years of imprisonment for each of the six counts, to be served consecutively. The trial court's journal entry of sentence specified that Appellant's credit for time served would be calculated and ordered by a subsequent journal entry. On July 23, 1997, the court journalized an order granting Appellant two hundred eighty-eight days of credit for time served in the Summit County Jail. In separate motions filed by counsel on July 29 and September 18, 1998, Appellant moved the trial court for an order granting him additional credit for time served. The record contains no indication that the trial court ruled upon these motions for additional jail time credit.
{¶ 4} On October 17, 2001, Appellant, acting pro se, filed another motion in the trial court for additional jail time credit. In this motion, Appellant argued that he should be credited with an additional five hundred four days of time served from the imposition of his original sentence on May 18, 1995, until the second supplemental indictment was filed against him after remand on September 11, 1996.[1] By an order journalized on October 31, 2001, the trial court "[u]pon further investigation" granted Appellant a total of five hundred four days of credit "for time served in the Summit County Jail." Eight days later, Appellant filed a "motion for reconsideration" of the trial court's October 31, 2001 order, arguing that he was entitled to two hundred eighty-eight days plus five hundred four days of credit, for a total of seven hundred ninety-two days. On January 4, 2002, the trial court journalized an order reducing Appellant's credit for time served to two hundred eighty-eight days. That order stated:
 {¶ 5} "The additional 504 days were served at the Ohio Department of Corrections. The Summit County probation department does not calculate time served in prison.
 {¶ 6} "IT IS FURTHER ORDERED that the Defendant is to submit a motion for additional credit to the Ohio Department of Corrections."
{¶ 7} Appellant has appealed from this order of the trial court granting him two hundred eighty-eight days of credit for time served, asserting one assignment of error.
 II Assignment of Error {¶ 8} "THE TRIAL COURT PREJUDICIALLY ERRED IN DENYING APPELLANT A REDUCTION IN HIS PRISON TERM FOR ALL THE TIME APPELLANT WAS CONFINED FOR REASONS ARISING OUT OF THE OFFENSE FOR WHICH HE WAS CONVICTED AND SENTENCED."
{¶ 9} Before proceeding to Appellant's assignment of error, we are constrained to resolve a dispute concerning our jurisdiction to hear this appeal. On May 15, 2002, the state moved to dismiss the appeal on the ground that Appellant failed to timely appeal the trial court's order granting him two hundred eighty-eight days of jail time credit issued on July 23, 1997. Because the trial court had no authority to reconsider this final judgment, the state argued, Appellant should not be permitted to extend the time within which he can file an appeal by appealing from the order ruling on his motion for reconsideration. By an order journalized on July 17, 2002, this Court indicated that the state's motion was taken under advisement, and the issues raised therein would be considered by this Court in its determination of the appeal on the merits.
{¶ 10} Former Crim.R. 32.2(D) provided: "[I]f the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence." The trial court therefore had a duty to specify the number of days of confinement, if any, which Appellant was entitled to have credited toward his sentence.[2] The trial court fulfilled this obligation by its order of July 23, 1997, which granted Appellant two hundred eighty-eight days of credit towards his sentence for time already served. Moreover, the trial court's July 23, 1997 order was final and appealable pursuant to R.C. Chapter 2505, in that it "affect[ed] a substantial right in an action that in effect determine[d] the action and prevent[ed] a judgment." R.C. 2505.02(B)(1). See State v. Tully, 5th Dist. No. 2001 CA 00313, 2002-Ohio-1290, at ¶ 26, appeal not allowed (2002),96 Ohio St.3d 1467; State v. Heddleston (Sept. 24, 2001), 7th Dist. Nos. 98 CO 29, 98 CO 37, 98 CO 46, 2001 Ohio App. LEXIS 4443, at *9-10.
{¶ 11} Once the trial court entered its final order granting Appellant two hundred eighty-eight days of credit for time served, the burden was upon Appellant to seek judicial redress of this determination if he believed it to be in error. The Ohio Supreme Court has stated that an adequate remedy exists at law by appeal to review sentencing errors, including erroneous calculations of jail time credit. See State ex rel.Jones v. O'Connor (1999), 84 Ohio St.3d 426 (denying petition for writ of mandamus compelling trial court to rule on defendant's motion for additional jail time credit). Likewise, this Court has entertained direct appeals from calculations of credit for time served where defendants believed they were entitled to more credit than was granted by the trial court. See, e.g., State v. Morgan (Mar. 27, 1996), 9th Dist. No. 95CA0055, at 4 (affirming trial court's order granting defendant six days credit for time served, rather than the four hundred twelve days requested by defendant at sentencing hearing).
{¶ 12} In the case sub judice, Appellant did not appeal from the trial court's original, July 23, 1997 order granting him two hundred eighty-eight days of credit for time served. Rather, he moved the trial court to reconsider this order and grant him an additional five hundred four days of credit. In the past, this Court has held that a motion requesting the trial court to correct its determination of the number of days to be credited towards a sentence is a proper way for a defendant to seek a remedy for what he believes is an erroneous calculation. See, e.g., State v. King (Apr. 6, 1994), 9th Dist. No. 16512, at 2-3. The state's motion to dismiss, however, has compelled us to revisit this determination in light of the principles that a trial court has no authority to reconsider its final judgment in a criminal case, and a such a motion cannot be used to extend the time for filing a notice of appeal. See State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 599;State ex rel. Pendell v. Adams Cty. Bd. Of Elections (1988),40 Ohio St.3d 58, 60; State v. Inge (Apr. 7, 1999), 9th Dist. No. 97CA006864, at 3-4.
{¶ 13} This Court in King, as well as numerous other courts in other cases, have cited State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, for the proposition that a motion in the trial court to correct a calculation of jail time credit is a proper avenue to challenge an incorrect calculation. See King, supra at 3-4. Careful scrutiny of Corder, however, reveals that these subsequent cases have authorized the invocation of "motions to correct" in situations beyond the scope sanctioned by the language of Corder. In Corder, the court stated:
 {¶ 14} "[I]mplicit in [respondents'] contentions is the possibility that the sentencing judge may make an erroneous determination [of the amount of time served for which a prisoner is entitled to credit]. This is always a possibility as to any determination, and the proper remedy is either direct appeal or a motion for correction by the trial court, if it be a mistake rather than an allegedly erroneous legal determination." (Emphasis added.) Corder, 68 Ohio App.3d at 573.
{¶ 15} A scrupulous reading of Corder, therefore, supports the proposition that where a party challenges a trial court's calculation of jail time credit on some basis other than an erroneous legal determination, a motion for correction in the trial court is appropriate. Corder's limitation on the availability of motions to correct comports with well-settled principles regarding the inability of trial courts to reconsider final judgments, and the proscription against using motions to reconsider to extend the time for filing a notice of appeal. See State v. Shinkle (1986), 22 Ohio App.3d 54, 56 ("The general rule is that a nunc pro tunc entry cannot operate to extend the period within which an appeal may be prosecuted."); Hansen, 63 Ohio St.3d at 599;Pendell, 40 Ohio St.3d at 60.
{¶ 16} In State v. Hawk (1992), 81 Ohio App.3d 296, 300, we considered the circumstances under which a motion to correct an order pursuant to Crim.R. 36 would be appropriate: "In order to correct an error in the record, including an omission, there must be some indication of the court's previous intent. Somewhere that intent, which was incorrectly recorded or omitted, must be manifested in the record." As applied to motions to correct calculations of jail time credit, a motion to correct would be appropriate where a trial court has granted some credit for time served, but there is evidence in the record that the trial court intended to grant a different amount of credit. Likewise, where the trial court has omitted any credit for time served from its sentencing entry, and there is some evidence in the record indicating that a defendant is entitled to such credit, the trial court's intent to fulfill its duty to grant credit can be presumed, and a motion to correct would be appropriate.
{¶ 17} To the extent that King suggests that a motion to correct is an appropriate way to seek relief from an allegedly erroneous legal determination of the number of days to be credited for time served, we overrule that aspect of King. Rather, we reaffirm that a motion to correct is appropriate only where the alleged error involves a mistake other than an allegedly erroneous legal determination. Absent any evidence that the trial court was required to grant credit for time served where it granted none, or intended to grant a different amount of credit than it awarded, a motion to correct is not appropriate. Absent such evidence, the defendant is essentially challenging an allegedly erroneous legal determination, which challenge is properly launched only upon appellate review.[3]
{¶ 18} In the case sub judice, there is no evidence in the record that at the time it entered its July 23, 1997 order granting Appellant two hundred eighty-eight days of credit for time served, the trial court intended to grant Appellant more days of credit. The sentencing entry journalized on July 15, 1997 provided that "credit for time served is to be calculated by the Summit County Adult Probation Department and will be forthcoming in a subsequent journal entry." Eight days later, the court entered its order, stating:
 {¶ 19} "Based on an investigation by the Adult Probation Department, the Court finds that the Defendant is entitled to a TOTAL of Two Hundred Eighty-eight (288) Days of jail time credit toward the sentence imposed in this case for time served in the Summit County Jail as of the date of sentencing, July 14, 1997, to-wit:
"10/7/96 to 7/14/97 = 281 Days
"5/16/95 to 5/22/95 = 7 Days
"TOTAL 288 Days"
{¶ 20} The trial court's sentencing entry states the court's intent to consult the probation department in ascertaining the number of days of credit to which Appellant was entitled. The subsequent order granting Appellant credit for two hundred eighty-eight days states that it is based upon the investigation of the probation department. No intent to grant Appellant more than two hundred eighty-eight is apparent. Consequently, a motion to correct, reconsider, or grant additional credit was not proper; if Appellant believed that the court's calculation was in error, his appropriate remedy was by appeal to this Court.
{¶ 21} With the foregoing principles in mind, we now turn to the jurisdictional consequences of Appellant's failure to timely file a notice of appeal from the trial court's July 23, 1997 order. Because the basis of Appellant's challenge was that the trial court's order constituted an erroneous legal determination, his subsequent motions filed in the trial court were the equivalent of motions for reconsideration. See State v. Beaudry (Nov. 2, 2001), 6th Dist. No. L-01-1288, 2001 Ohio App. LEXIS 4874, at fn. 1 ("Although appellant's motion was styled as a motion for jail time credit, in essence, there was no difference between it and a motion for reconsideration of the trial court's prior ruling on appellant's first motion for jail time credit."). However, there is no rule that allows a party to move a trial court for reconsideration of a final judgment. Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 380; Cleveland Heights v. Richardson
(1983), 9 Ohio App.3d 152, 153. A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal, and any order granting such a motion is likewise a nullity.Pendell, 40 Ohio St.3d at 60; Richardson, 9 Ohio App.3d at 154; see, also, Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267 ("The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Citations omitted.)).
{¶ 22} "It follows that because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment." Beaudry, supra at *4 (dismissing appeal from an order denying a motion for additional jail time credit, because the motion was essentially a motion for reconsideration and the court's order denying the motion was a nullity). Consequently, this Court has no jurisdiction to hear the appeal.
 III
{¶ 23} Because we are without jurisdiction to entertain this appeal, we will not address the arguments under Appellant's sole assignment of error. The state's motion to dismiss the appeal is granted.
{¶ 24} Appeal dismissed.
SLABY, P.J., BAIRD, J. CONCUR.
[1] It is not clear to this Court how Appellant arrived at the figure of five hundred four days.
[2] This provision has been eliminated from Crim.R. 32, but was still in effect at the time Appellant was sentenced on July 15, 1997. Notwithstanding the amendment to Crim.R. 32, the trial court still has a duty to specify the number of days of confinement, if any, which a defendant is entitled to have credited toward his sentence. See R.C.2949.08(B) (when a defendant is sentenced to a community residential sanction in a community-based correctional facility or a term of imprisonment in a jail, "[t]he record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section"); R.C. 2949.12 (upon conveyance of a convicted felon to the reception facility of a state correctional institution, the sheriff shall present the managing officer of the facility with "a copy of the convicted felon's sentence that * * * specifies the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence"); see, also, State ex rel. Corder v. Wilson
(1991), 68 Ohio App.3d 567, 572 ("[P]rocedurally, the common pleas court must make a factual determination as to the number of days' credit to which the prisoner is entitled by law."). Where the trial court failed to include any calculation of jail time credit, and there was evidence in the record that an appellant might be entitled to credit, this Court has remanded with instructions to the trial court to fulfill its duty to calculate credit. See State v. Bromley (June 22, 1994), 9th Dist. Nos. 93CA005738, 93CA005739, at 5-6; State v. Stevens (Dec. 30, 1994), 9th Dist. No. 16582, at 33-34.
[3] The Ohio Supreme Court has also stated that, under certain circumstances, a petition for postconviction relief may be an appropriate avenue to seek redress for an erroneous determination of jail time credit. Heddleston v. Mack (1988), 84 Ohio St.3d 213.