THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 54724—Decided January 3, 1989.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Bernard Redfield,* for appellant.

DAVID T. MATIA, J. Defendant-appellant, Robert Brown, appeals from his conviction for the offense of aggravated murder with a gun specification.

On January 23, 1987, the appellant was indicted by the Grand Jury of Cuyahoga County for one count of aggravated murder in violation of R.C. 2903.01 with a gun specification, and one count of having weapons while under disability in violation of R.C. 2923.13 with a gun specification.

On August 25, 1987, the appellant was arraigned and pled not guilty to the indictment. Prior to voir dire of the jury, the appellant and the state of Ohio entered into a "stipulation" to the appellant's guilt for the second count of having weapons while under disability. The appellant "stipulated" that a conviction on the gun specification of the first count of aggravated murder would result in a finding of guilty on the second count of having weapons while under disability with a gun specification. The transcript entered by appellant's counsel states:

"THE COURT: Apparently there is an agreement by and between counsel for the state and counsel for the defendant that what we'll go on is simply the aggravated murder with a gun specification; that there is a stipulation, number one, that the defendant is under indictment; is that right?

"MR. ATKIN: Yes, your Honor.

"MR. GREENBERG: That's correct.

1

"THE COURT: And simply that if, therefore, he is found guilty of having a gun —

"MR. GREENBERG: There is a gun spec.

"THE COURT: — had a firearm, all right, that that would be a finding of guilty on the second case; is that right?

"MR. ATKIN: Yes.

"MR. GREENBERG: Yes.

"THE COURT: So, therefore, I'll just — all right, that's your understanding?

"MR. MARINO: Yes, your Honor.

"THE COURT: Okay."

As a result of this stipulation, a jury trial proceeded *only* with regard to the one count of aggravated murder with a gun specification.

On October 10, 1987, the jury returned a verdict of guilty *only* to the offense of aggravated murder and the gun specification. The jury did not render any verdict (either guilty or not guilty) as to the second count of having a weapon while under a disability. The trial court immediately sentenced the appellant to imprisonment within the Chillicothe Correctional Institution, Chillicothe, Ohio, for a term of life and sentenced him to three years of actual incarceration for the gun specification.

Thereafter, the appellant brought the instant appeal and assigns six assignments of error.

A review of the record, however, fails to disclose that the trial court entered a signed journal entry which reflected the trial court's disposition of the second count of having weapons while under disability with a gun specification.

This court, in *Cleveland* v. *Rubinstein* (Oct. 29, 1981), Cuyahoga App. No. 43415, unreported, at 2-3, with regard to the mandatory duty of a trial court to deal with each and every charge prosecuted against a defendant, held that:

"Rule 32(B) of the Ohio Rules of Criminal Procedure provides:

" '*A judgment of conviction shall set forth the plea, the verdict or findings and sentence.* If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.' (Emphasis added.)

"As construed by this Court the provisions of Criminal Rule 32(B) impose on a trial court a mandatory duty to set forth the verdict or its findings as to each and every charge prosecuted against an accused, and failure to do so renders the judgment substantively deficient under the rule. In [the] absence of a signed journal entry reflecting the court's ruling as to each charge, the order of the trial court is interlocutory. *Cf. Cleveland* v. *Austin* (Cuy. Cty. Ct. App., June 7, 1979), Case No. 39051; *and Cleveland* v. *Patterson* (Cuy. Cty. Ct. App., February 5, 1981), Case No. 42563.

"Reviewing the record in the case at bar, we find that the trial judge failed to expressly determine which of the eleven charges resulted in convictions. Accordingly we conclude that, in [the] absence of a final appealable order, the appeal must be dismissed. Criminal Rule 32(B). The appeal of Joseph Rubinstein is dismissed."

Herein, the trial court failed to render a signed judgment with regard to the second count of the indictment, having weapons while under disability with a gun specification. Therefore, the judgment of the trial court which forms the basis of the instant appeal is incomplete, interlocutory, and not a final appealable order as required by Crim. R. 32(B).

Thus, the appellant's appeal is dismissed and the case is remanded to

the trial court for further proceedings consistent with this opinion.

*Appeal dismissed.*

KRUPANSKY, P.J., and J. V. CORRIGAN, J., concur.