Defendant-appellant James Waire presents four assignments of error on appeal. We do not reach the merits of the assigned errors as this court has no jurisdiction over the appeal.
On June 20, 1997, Waire was indicted on one count of murder with a prior violence specification in connection with the death of Alan J. Lynch. On October 21, 1997, a jury found Waire guilty of the lesser-included offense of involuntary manslaughter. No finding was made on the charge of murder or the specification. The trial court deferred sentencing. On October 31, 1997, defense counsel filed a motion to dismiss the specification. On December 8, 1997, the trial court placed of record a signed, dated entry stating that "AFTER A TRIAL BYJURY, THE DEFENDANT HAS BEEN FOUND GUILTY of the offense(s) of:INVOLUNTARY SLAUGHTER [SIC] 2903.04 R.C." The court then set forth the defendant's sentence of 10 years of incarceration with credit for 179 days served. Defense counsel filed an appeal from this judgment entry.
Crim.R. 32(B)[1] provides:
 A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
The judgment entry appealed from in this case is deficient in two respects. First, the judgment entry does not set forth the verdict or findings as to the charge of murder or as to the specification. State v. Brown (1989), 59 Ohio App.3d 1,569 N.E.2d 1068; State v. Pace (June 5, 1998), Hamilton App. No. C-970546, unreported. Second, the judgment entry does not contain the defendant's plea. State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported. As such, the order is interlocutory and does not comply with Crim.R. 32(B). This court is without jurisdiction to entertain a notice of appeal filed from such an order. Brown, supra; Klein, supra; Pace,supra.
Accordingly, because we are without jurisdiction to entertain Waire's appeal, we sua sponte dismiss it.
It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Appeal dismissed.
DOAN, P.J., M.B. BETTMAN and PAINTER, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 15, 1999 per order of the Court ______________________. Presiding Judge
imminent. For this reason, we conclude that the state's evidence was insufficient as a matter of law to support Strunk's conviction for domestic violence under R.C.2929.25(C).[3] Accordingly, we sustain Strunk's sole assignment of error, reverse the judgment of the trial court, and order that Strunk be discharged from further prosecution in this case.
Judgment reversed and appellant discharged.
SUNDERMANN, P.J., GORMAN and PAINTER, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The cited provision now appears in Crim.R. 32(C).
[3] We note, however, that the state's evidence would have been sufficient to support a conviction for menacing under R.C.2903.22, as that section does not impose the requirement that the victim's belief relate to imminent physical harm. The state, however, chose to charge Strunk with domestic violence rather than menacing.