DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael Deshich appeals from the decision of the Medina Municipal Court denying his motion to dismiss on the grounds that he was denied a speedy trial. However, because no final appealable order has been entered in the proceedings below, this Court is without jurisdiction to entertain the instant appeal.
On April 21, 1997, Deshich was charged with operating a motor vehicle while under the influence of alcohol, a violation of R.C.4511.19(A)(1), with driving with a prohibited breath-alcohol content, a violation of R.C. 4511.19(A)(3), and with driving outside marked lanes of travel, a violation of R.C. 4511.33. Deshich pled not guilty to the charges against him.
A bench trial was scheduled for June 20, 1997. Following a demand for a trial by jury, the trial was rescheduled for July 15, 1997. Numerous continuances followed as Deshich first moved to suppress the results of a breathalyzer test that had been administered to him and later to dismiss the complaint against him, arguing that his right to a speedy trial under both R.C.2945.71(A)(2) and the Sixth Amendment to the United States Constitution had been violated. The trial court granted the motion to suppress but denied the motion to dismiss. Deshich moved the trial court to reconsider its decision on February 17, 1999. The trial court denied the motion and the matter proceeded to a jury trial on February 18, 1999, in which Deshich was found guilty of violating R.C. 4511.19(A)(1) and 4511.33. The trial court subsequently sentenced Deshich to a $250 fine for the R.C.4511.19 conviction, to a $50 fine for the R.C. 4511.33 conviction, to receive six points on his license, to a six-month license suspension, to one hundred eighty days in jail with the possibility of up to one hundred seventy-seven days suspended and three days credit if Deshich attended a driver intervention program, and to probation for one year. The sentence was stayed pending this appeal.
Deshich asserts three assignments of error on appeal:
Assignment of Error No. I
 THE COURT ERRED IN FAILING TO ATTRIBUTE THE INTERVAL FROM SEPTEMBER 26 THROUGH NOVEMBER 17, 1997[,] AGAINST THE STATE OF OHIO IN COMPUTING THE DAYS IN WHICH THE DEFENDANT MUST BE BROUGHT TO TRIAL UNDER HIS RIGHTS [sic] TO SPEEDY TRIAL PER R.C. 2945.71(A)(2).
Assignment of Error No. II
 THE COURT ERRED IN FAILING TO ASSIGN ANY TIME AGAINST THE STATE OF OHIO IN ITS COMPUTATION OF SPEEDY TRIAL TIME DUE TO THE STATE'S FAILURE TO PROVIDE SUPPLEMENTAL DOCUMENTATION FROM MAY 15, 1998 UNTIL DECEMBER 29, 1998.
Assignment of Error No. III
 THE COURT ERRED IN COMPUTING THE ENTIRE PERIOD FROM THE CONCLUSION OF THE EVIDENTIARY HEARING FEBRUARY 17, UNTIL THE ISSUANCE OF THE SUPPRESSION ORDER DECEMBER 29, 1998[,] AGAINST THE DEFENDANT BECAUSE SUPERINTENDENCE RULE 40 REQUIRES THAT MOTIONS BE RULED UPON WITHIN 120 DAYS.
This Court is required to raise jurisdictional issues involving final appealable orders sua sponte and, as a result, we must do so and dismiss the instant appeal. See In re Murray
(1990), 52 Ohio St.3d 155, 160 at fn. 2; Whitaker-Merrell v.Geupel Co. (1972), 29 Ohio St.2d 184, 186. A review of the record indicates that, as noted, three charges were initially brought against Deshich: operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1); driving with a prohibited breath-alcohol content, a violation of R.C. 4511.19(A)(3); and driving outside marked lanes of travel, a violation of R.C. 4511.33. The February 18, 1999 judgment entry from which Deshich attempts to appeal contains a disposition by the court of only two of the charges, however; the trial court fails to account for the alleged R.C. 4511.19(A)(3) violation. While the preprinted form that constitutes the February 18, 1999 entry lists the R.C. 4511.19(A)(3) charge in boilerplate language, the charge has been crossed out and is not otherwise acknowledged as having been resolved. Instead, the entry omits any explicit action on this charge.
Such an omission renders the judgment entry not final and appealable. This Court has previously explained that Crim.R. 32(C) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. See Akron v. Branham (May 26, 1999), Summit App. No. 19342, unreported, citing State v. Morrison
(Apr. 1, 1992), Medina App. No. 2047, unreported (interpreting former Crim.R. 32(B), since amended as Crim.R. 32(C)). Courts have interpreted these requirements as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]." State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, unreported, citing State v. Brown (1989),59 Ohio App.3d 1, 2. Therefore, the failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory. See id. See, also, State v. Hamrick (Jun. 2, 1993), Licking App. No. CA-3675, unreported (holding that a journal entry that fails to reflect the disposition of a specification included in an indictment is not a final appealable order); State v. Skaggs (May 17, 1990), Cuyahoga App. No. 56714, unreported (holding that "[i]n the absence of an order expressly determining the court's disposition" of a charge, there is no final appealable order).
Accordingly, the February 18, 1999 trial court entry fails to satisfy the requirements of a final appealable order. The appeal must be dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT
WHITMORE, J., CONCURS.
BAIRD, P.J., DISSENTS.