OPINION
Appellant Bard Huntsman was indicted by the Stark County Grand Jury with one count of corruption of a minor, five counts of disseminating matter harmful to juveniles, one count of gross sexual imposition, one count of rape, and two counts of sexual battery. The case proceeded to jury trial in the Stark County Common Pleas Court. Following jury trial, appellant was convicted of one count of gross sexual imposition and five counts of disseminating matter harmful to juveniles. The jury found appellant not guilty of corruption of a minor, rape, and both counts of sexual battery. Appellant appealed the judgment of conviction and sentence to this court. This court reversed all of appellant's convictions and sentences on the basis that evidence was erroneously admitted concerning one of the counts of the indictment, denying appellant a fair trial. The case was remanded for new trial. State v. Huntsman (December 7, 1998), Stark Appellate No. 1998CA0012, unreported. Five counts remained for retrial by the court on remand: one count of gross sexual imposition, and four counts of disseminating matter harmful to juveniles, all felonies. Pursuant to a negotiated plea agreement, the State agreed to amend two counts of the indictment to contributing to the delinquency of a minor, and to dismiss the remaining felony counts. The court's August 13, 1999 judgment reflects that two counts were amended to contributing to the delinquency of a minor, both misdemeanors of the first degree, in violation of R.C. 2919.24. The court found appellant guilty of these two charges. However, despite the State's representation in the transcript that it would dismiss the remaining three felony counts, the judgment entry does not dismiss these counts. Therefore, three counts of disseminating matter harmful to juveniles remain pending in the trial court, and the judgment appealed from is not a final appealable order as defined by R.C.2505.02. In the absence of a signed journal entry as to each charge, the order of the trial court is interlocutory, and is not a final appealable order. State v. Brown (1989), 59 Ohio App.3d 1,2. The appeal is dismissed.
HOFFMAN, J., and EDWARDS, J., CONCUR.