DECISION AND JOURNAL ENTRY
Defendant, Dewayne R. Hayes, has appealed from his conviction by the Lorain County Court of Common Pleas. However, because no final appealable order has been entered in the proceedings below, this court is without jurisdiction to entertain the instant appeal.
On March 15, 1995, Defendant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2); one count of having a weapon under disability, in violation of R.C. 2923.13(A)(2); and aggravated menacing, in violation of R.C. 2903.21(A). Additionally, the first two counts of the indictment contained specifications for having previously been convicted of a prior offense of violence and for having a firearm on or about his person or under his control while committing the offenses charged. Following a jury trial, Defendant was found guilty on all counts of the indictment and guilty of all specifications as charged. Defendant was sentenced to three to ten years incarceration for the aggravated burglary charge, three to five years incarceration for having a weapon under disability, six months incarceration for aggravated menacing, three years actual incarceration for the firearm specification on count one, and three years actual incarceration for the firearm specification on count two. Defendant was granted a delayed appeal on August 27, 1999. Defendant raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court abused its discretion when it forbade defense counsel from cross examining a prosecution eyewitness about the eyewitness' possible ongoing drug use in violation of [Defendant's] federal constitutional right to due process and to confront his accusers.
 This court is required to raise jurisdictional issues involving final appealable orders sua sponte and, as a result, we must do so and dismiss the instant appeal. See In re Murray (1990), 52 Ohio St.3d 155, 160, at fn. 2; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186. A review of the record indicates that, as noted, three charges and four specifications were initially brought against Defendant. The April 14, 1995 judgment entry from which Defendant attempts to appeal contains a disposition by the court of the three charges and two of the specifications. Defendant was never sentenced for either specification for having been previously convicted of an offense of violence. Such an omission renders the judgment entry not final and appealable.
This court has previously explained that Crim.R. 32(C) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. See State v. Branham (May 26, 1999), Summit App. No. 19342, unreported at 2, citing State v. Morrison
(Apr. 1, 1992), Medina App. No. 2047, unreported at 2-3 (interpreting former Crim.R. 32(B), since amended as Crim.R. 32(C)). Courts have interpreted these requirements as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]." State v. Brooks
(May 16, 1991), Cuyahoga App. No. 58548, unreported, 1991 Ohio App. LEXIS 2300, at *3, citing State v. Brown (1989), 59 Ohio App.3d 1,2. Therefore, the failure of an entry to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory. See Brooks, supra.
This analysis applies not only to the offense as charged, but also to any specifications charged. State v. Hamrick (June 2, 1993), Licking App. No. CA-3675, unreported, 1993 Ohio App. LEXIS 2974, at *2. Hamrick held that a journal entry that fails to reflect the disposition of a specification included in an indictment is not a final appealable order. Id. Therefore, a journal entry that neglects to sentence on a specification is likewise not a final appealable order. See id.; Crim.R. 32(C).
Accordingly, the April 14, 1995 trial court entry fails to satisfy the requirements of a final appealable order. The appeal must be dismissed for lack of jurisdiction.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P.J., QUILLIN, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)