JOURNAL ENTRY AND OPINION
Defendant-appellant, Brett Wuensch, appeals the decisions of the Berea Municipal Court finding him guilty after a bench trial of trespass, in violation of R.C. 2911.21, and menacing, in violation of R.C. 2903.22, and denying his motion for a new trial.
This appeal is dismissed, sua sponte, for lack of a final appealable order. Although the file contains a handwritten notation on the case jacket indicating that appellant's motion for a new trial was denied, the record does not contain a journal entry signed by the judge and file-stamped by the trial court clerk resolving appellant's motion for a new trial.[1] As noted by the Twelfth Appellate District Court of Appeals in State v. Ginocchio
(1987), 38 Ohio App.3d 105, brief notations on the case file or jacket are not sufficient judgment entries to constitute final appealable orders. Accordingly, this court does not have subject matter jurisdiction to reach the merits of the case. See State v.Domers (1991), 61 Ohio St.3d 592, rehearing denied (1991),62 Ohio St.3d 1425. See, also, State v. Brown (1989), 59 Ohio App.3d 1;Kovach v. Callahan (Dec. 23, 1999), Cuyahoga App. No. 75189, unreported; City of Cleveland Heights v. Jones (Jan. 26, 1995), Cuyahoga App. No. 65990, unreported.
Appellant may move for reinstatement of his appeal within thirty days of obtaining a signed, file-stamped journal entry resolving his motion for a new trial.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to the Berea Municipal Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The Notice of Action advising that appellant's motion for a new trial had been overruled and provided to this court by appellant in his motion to reinstate to active status is simply a notice from the court; it is not a journal entry signed by the judge and file-stamped by the court clerk.