The STATE of Ohio, Appellee,

v.

GLAVIC, Appellant.

[Cite as *State v. Glavic* (2001), 143 Ohio App.3d 583.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–194.

Decided May 22, 2001.

584

*Charles E. Coulson*, Lake County Prosecuting Attorney, and *Brian L. Summers*, Assistant Prosecuting Attorney, for appellee.

*Alan R. Glavic, Jr., pro se.*

CHRISTLEY, Judge.

This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Alan R. Glavic, Jr., appeals from his conviction and sentence on one count of breaking and entering and eight counts of forgery. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

On May 12, 1999, appellant was indicted by the Lake County Grand Jury on the following charges: (1) one count of breaking and entering in violation of R.C. 2911.13; (2) two counts of receiving stolen property in violation of R.C. 2913.51; (3) three counts of misuse of a credit card in violation of R.C. 2913.21; and (4) ten counts of forgery in violation of R.C. 2913.31. The trial court appointed counsel to represent appellant, who then entered a plea of not guilty to all sixteen charges.

Pursuant to a negotiated plea agreement with the state, appellant subsequently entered a written plea of guilty to the one count of breaking and entering and to eight counts of forgery in exchange for the dismissal of the remaining seven charges. Appellant appeared before the trial court on August 9, 1999, at which time the court proceeded to personally question appellant about entering his plea

in full compliance with Crim.R. 11. Based on this colloquy, the trial court determined that the pleas were made voluntarily and with full assistance of counsel.

In accordance with appellant's request, the trial court then proceeded immediately to sentencing. Appellant's attorney and the prosecutor indicated to the trial court that they had reached an agreement on a sentencing recommendation of a total prison term of two years for all nine charges. The trial court accepted appellant's guilty pleas and sentenced him to a two-year term of imprisonment. However, in its written judgment entry, the trial court failed to articulate an express sentence for each of the nine counts to which appellant pled guilty.

Appellant was transported to the Lorain Correctional Institution to begin serving his sentence. When processing appellant into the system, the prison authorities discovered that the trial court's sentencing entry failed to include a specific term for each conviction.[1] Accordingly, the prison authorities contacted the Lake County Prosecutor's Office to ask for clarification.

On November 15, 1999, the trial court conducted a hearing to resentence appellant appropriately. Appellant's attorney and the prosecutor stipulated on the record that an agreement had previously been entered into where in return for appellant's pleading guilty to nine of the counts contained in the indictment, the state would ask the trial court to enter a *nolle prosequi* with respect to the remaining charges and recommend that appellant be given a two-year aggregate prison term.

During the proceedings, appellant made an oral motion to withdraw his guilty pleas. The trial court, however, summarily denied the request. The court then proceeded to sentence appellant to a one-year term of imprisonment for the breaking and entering charge. Appellant was also sentenced to one year in prison for each count of forgery, with the sentences to run concurrently with each other and consecutive to his sentence for breaking and entering.

From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our review:

---

1. The sentencing entry reads:

"The Court has considered the factors under Revised Code Section 2929.13(B) and finds the following:

"1. The Defendant previously served a prison term.

"For reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, the Court also finds that prison is consistent with the purposes of Revised Code Section 2929.11 and the defendant is not amenable to an available community control sanction.

"IT IS THEREFORE ORDERED THAT the defendant serve a stated prison term of two (2) years in prison at the Lorain Correctional Institution, with one hundred thirty-seven (137) days of credit for time served.  * * *"

"[1.] The trial court abused its discretion in refusing the appellant the opportunity to withdraw his guilty pleas[.]"

"[2.] The appellant was denied the effective assistance of counsel as defense counsel's actions and omissions at appellant's plea hearing deprived appellant of the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution[.]"

Under his first assignment of error, appellant argues that the trial court abused its discretion by ignoring his request to withdraw his guilty pleas. According to appellant, the trial court was obligated to conduct a hearing to determine whether there was a reasonable and legitimate basis for his demand. Moreover, appellant believes that not only did the trial court refuse to hold a hearing, but the court also failed to give full and fair consideration to his request.

Crim.R. 32.1 provides the following:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

While a motion to withdraw a guilty plea before sentence should be freely and liberally permitted, such a motion does not have to be automatically granted because there is no "absolute right to withdraw a guilty plea prior to sentencing." *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. Instead, Crim.R. 32.1 requires that the trial court conduct a hearing on a motion to withdraw a guilty plea prior to sentencing "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *Id.* at paragraph two of the syllabus. See, also, *State v. Gibbs* (June 9, 2000), Trumbull App. No. 98–T–0190, unreported, 2000 WL 757458. As a result, our review is limited to a determination of whether the trial court abused its discretion by denying the motion to withdraw guilty plea. *Gibbs* at 6–7. An abuse of discretion connotes more than an error of law or judgment; instead, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

In determining whether or not a trial court has erred in failing to allow a defendant to withdraw a guilty plea prior to sentencing, this court has applied the same factors that the Eighth Appellate District considered in *State v. Peterseim*

(1980), 68 Ohio App.2d 211, 428 N.E.2d 863. See *State v. Davenport* (Sept. 25, 1998), Lake App. No. 97–L–230, unreported, 1998 WL 684186; *State v. Green* (Oct. 27, 1995), Trumbull App. No. 94–T–5103, unreported; *State v. Haney* (Sept. 8, 1995), Lake App. No. 95–L–001, unreported, 1995 WL 787405. In *Peterseim,* the court held that a trial court does not abuse its discretion in denying a defendant's motion to withdraw his guilty plea where the following occur: (1) the trial court made certain, pursuant to Crim.R. 11, that the defendant fully understood the nature and consequences of his original plea and that the plea was entered into voluntarily; (2) the accused was represented by highly competent counsel; (3) the defendant was given an adequate hearing on his motion to withdraw his plea and was afforded the opportunity to make all arguments in support of his motion; and (4) the lower court gave the necessary consideration to defendant's motion. *Peterseim* at 214, 22 O.O.3d 341, 428 N.E.2d at 865–866.

Before continuing, we would like to note that the state argues in its brief that appellant should be required to show that withdrawal is necessary to correct a manifest miscarriage of justice. This argument is predicated on the assumption that because appellant made his request after he was originally sentenced on August 9, 1999, the motion was made after the imposition of sentence. The state fails to acknowledge, however, that the original sentence was invalid because it did not include a specific sentence for each of the nine convictions. *State v. Brown* (1989), 59 Ohio App.3d 1, 2, 569 N.E.2d 1068, 1069–1070; *State v. Yingling* (Dec. 30, 1993), Lucas App. No. L–93–076, unreported, 1993 WL 551527.

Accordingly, the trial court had to vacate the original invalid sentence to impose a new one. The record shows that appellant made his motion to withdraw his guilty pleas prior to the trial court's sentencing him a second time. Thus, appellant does *not* have to demonstrate that withdrawal is necessary to correct a manifest miscarriage of justice.

Here, it is apparent that although there was no formal written motion, appellant sought to withdraw his earlier guilty pleas. During the November 15, 1999 hearing, the following exchange between appellant and the trial court occurred:

"THE COURT: Mr. Glavic [appellant], do you admit that there was year on the—there was a time agreement of two years; is that correct?

"THE DEFENDANT: I was forced to, yes, Your Honor, I was forced to. I was forced to. I was forced to. Now, had to—

"THE COURT: I'm not sure at the time, but I probably asked something about there being a mutual agreement and if you understood whether it was two years or not.

"THE DEFENDANT: Can I stop all the many cards and withdraw my plea? Then while—I'll withdraw my plea, I'd rather do that than take any chances anyways. I think I pled to the wrong charge on the forgery. I never forged no Joseph Walsh's name, and I am charged with forgery. That will stop everything, I will just withdraw my plea. You guys bring me back here. I want to withdraw my plea. I got papers saying I'm indicted for forgery saying I forged Joseph Walsh's name, I didn't forge his name.

"THE COURT: I not here for that. Please advise your client, Mr. Grieshammer—"

■ As can be seen from the preceding discussion, the trial court never truly considered appellant's request. More importantly, however, the court never afforded appellant the opportunity to address the court with respect to the motion. According to *Xie*, a trial court confronted with a motion to withdraw a guilty plea prior to sentencing *must* conduct a hearing to determine whether or not there was a reasonable and legitimate basis for the motion, and the failure to do so constitutes an abuse of discretion. While a trial court is not required to schedule a separate hearing on such a motion, some attempt must be made to consider the arguments in support. *State v. Hickman* (June 18, 1999), Portage App. No. 98–P–0024, unreported, 1999 WL 417984; *Haney* at 5 (holding that "a hearing on a presentencing motion to withdraw is mandatory").

In addition, the record shows that appellant's attorney made no effort to assist appellant in formulating a coherent argument. Therefore, the trial court was not presented with an effective motion emphasizing the specific reasons why appellant was seeking to withdraw his pleas. As a result, we are left to speculate as to appellant's motives in this regard.

Accordingly, we conclude that the trial court's decision to deny appellant's motion to withdraw his guilty plea without, at a minimum, asking appellant his reasons, constituted an abuse of discretion. Appellant's first assignment of error has merit.

■ In his second assignment of error, appellant claims that he was denied the effective assistance of counsel because his attorney failed to request a presentence investigation report ("PSI"). Appellant believes that by failing to do so, his attorney "effectively eliminated" any possibility of his being granted community control in lieu of a prison sentence.

■ To be successful on a claim of ineffective assistance of counsel, a defendant must meet the two-pronged test originally articulated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. See,

also, *State v. Sherman* (June 25, 1999), Portage App. No. 98–P–0009, unreported, 1999 WL 454533.

First, a defendant must be able to show that his trial counsel was deficient. *Bradley* at 141, 538 N.E.2d at 378–379. This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. *Id.*

Second, a defendant must show that the deficient performance prejudiced his defense. *Id.* at 142, 538 N.E.2d at 379–380. This requires a showing that there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 142, 538 N.E.2d at 379–380. A reviewing court must always remember that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–693.

There is a strong presumption in Ohio that a licensed attorney is competent. *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128. *Sherman* at 7–8. Accordingly, to overcome this presumption, a defendant must show that the actions of his attorney did not fall within a range of reasonable assistance. *State v. Smith* (Dec. 22, 2000), Portage App. Nos. 99–P–0039 and 99–P–0040, unreported, 2000 WL 1876660.

In the case *sub judice,* the record shows that as part of the plea bargain between appellant and the state, the parties agreed to a joint sentencing recommendation of two years in prison. Moreover, at the August 9, 1999 hearing, appellant asked that the trial court proceed immediately to sentencing. In fact, when the trial court specifically asked appellant's attorney if they wished to go forward without the PSI report, he indicated that he had conferred with his client and that appellant wished to waive the PSI report and proceed accordingly.

Therefore, with the record before us, we cannot conclude that appellant's attorney was deficient for not requesting that a PSI report be prepared. As a matter of fact, appellant waived the preparation of the PSI report so that he could be sentenced immediately in accordance with the plea bargain that had been reached with respect to appellant's guilty pleas.

In addition, when the trial court asked appellant whether or not he understood the consequences of his guilty pleas, appellant responded affirmatively and indicated that he understood that the trial court could proceed immediately to sentencing. Appellant also acknowledged before the court that he was satisfied with his attorney's representation.

When making a claim of ineffective assistance of counsel, the proponent must point to instances in the record to support the claim. Here, however, the record before this court does not contain any evidence to support appellant's allegations. As a matter of fact, to the extent that there is evidence, it shows that appellant's attorney explained everything to appellant and, more importantly, that appellant was satisfied with the representation he received. As a result, appellant has failed to show that his attorney's actions fell below the level of reasonable representation, or that he was prejudiced by those same actions. Appellant's second assignment of error lacks merit.

Based on the foregoing analysis, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM M. O'NEILL, P.J., concurs.

GRENDELL, J., dissents.

GRENDELL, Judge, dissenting.

Although I agree with the majority's conclusion concerning appellant's second assignment of error, I respectfully disagree with the conclusion of the majority as to appellant's first assignment of error. From that decision, I dissent. For the reasons stated below, the judgment of the trial court should be affirmed.

Appellant's oral motion should be viewed as a post-sentence motion to withdraw his guilty plea. Appellant had already been sentenced consistent with his plea agreement to two years of incarceration. Appellant had agreed to that sentence and had already started serving that sentence. The only issue to come before the court was the correction of a clerical error requiring an allocation of the two-year sentence to the nine counts for which appellant was convicted upon his plea of guilty. Appellant made his request to withdraw *after* his original sentencing on August 9, 1999. As the majority states, the trial court fully complied with the requirements of Crim.R. 11 prior to accepting appellant's guilty plea during the August 9, 1999 hearing. Also, during that hearing, the trial court adhered to the sentencing recommendation set forth by appellant and the state. Subsequently, appellant was transported to the Lorain Correctional Institution. As prison authorities were processing appellant into the system, a *clerical error* was discovered. Thus, the purpose of the November 15, 1999 resentencing hearing was merely to address the clerical error concerning the inadvertent failure to allocate a breakdown of the two-year sentence to each of the nine counts to which appellant plead guilty.

Crim.R. 36 provides that "[c]lerical mistakes in *judgments*, orders, or other parts of the record, and errors in the record *arising from oversight or omissions,* may be corrected by the court at any time." (Emphasis added.) In addition, the record shows that the trial court emphasized and informed the parties that the purpose of this second hearing was solely to correct a clerical mistake. The court stated: "I guess we are here for some correction of a sentence * * *"; "So, we made a clerical error. I made a clerical error * * *"; "[I said] that I would follow the recommendation of the Prosecution * * * which is exactly what I did. And I will amend or add to the description of the two years."

In *State v. Hawk* (1992), 81 Ohio App.3d 296, 610 N.E.2d 1082, the Ninth Appellate District addressed a similar situation. In *Hawk,* as a result of plea negotiations, appellant agreed to plead guilty to a lesser offense of aggravated assault along with the physical harm specification, provided that he would be eligible for probation. The trial court filed its amended entry and amended the indictment as agreed; however, the court failed to remove the firearm reference in Count 1. Subsequently, appellant was sentenced to prison. Almost a month later, appellant moved to withdraw his guilty plea because it was not voluntary and not made in accordance with the understanding that he would get probation. The trial court attempted to correct the indictment by removing all reference of the firearm from the indictment; as a result, the trial court denied appellant's motion to withdraw his guilty plea. Referring to Crim.R. 36, the Ninth Appellate Court held that "[i]n order to correct an error in the record, including an omission, there must be some indication of the court's previous intent. Somewhere that intent, which was incorrectly recorded or omitted, must be manifested in the record." *Id.* at 300, 610 N.E.2d at 1084.

Accordingly, in the case *sub judice,* there exist ample indicators in the record and the transcript of the August 9, 1999 and November 15, 1999 hearings to show the trial court's previous intent to adhere to the parties' plea bargain agreement and recommended two-year sentence.

Moreover, the majority incorrectly states that "the trial court had to *vacate* the original invalid sentence to impose a new one." (Emphasis added.) Upon review of the amended judgment entry of sentence, nowhere does it indicate that the trial court vacated the original judgment entry of sentence. The November 29, 1999 judgment entry of sentence states that "this matter came on for *resentencing* due to an error in the Court's previous Judgment Entry." (Emphasis added.) Aside from the additional paragraph explaining the breakdown of the two-year sentence, the amended judgment entry of sentence is identical to the original judgment entry. Moreover, the corrected judgment entry does not expressly vacate the prior ruling but merely restates that ruling as corrected. Hence, the trial court did not formally vacate the first judgment entry of sentence. Rather,

as stated, the trial court merely corrected the clerical error in that judgment pursuant to Crim.R. 36.

The majority cites *State v. Brown* (1989), 59 Ohio App.3d 1, 569 N.E.2d 1068, as support that the original sentence was invalid because it did not include a specific sentence for each of the nine convictions. In *Brown,* the Eighth Appellate District held that a trial court must "set forth the verdict or its findings as to each and every charge prosecuted against an accused, and failure to do so renders the judgment substantively deficient under [Crim.R. 32]." *Id.* at 2, 569 N.E.2d at 1070. Accordingly, the reviewing court held that the trial court failed to expressly determine which of the eleven charges resulted in convictions. *Id.*

Crim.R. 32(C), provides: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * *"

However, in the case presented before this court, the original judgment entry expressly stated that appellant was found convicted of all nine charges and was sentenced to a total of two years.

It is evident that appellant's oral motion to withdraw was made prior to the trial court's sentencing of appellant for the second time. A motion made pursuant to Crim.R. 32.1 is within the trial court's discretion; thus, the good faith, credibility, and weight of a movant's assertions in support should be resolved by the trial court. *State v. Gibbs* (June 9, 2000), Trumbull App. No. 98–T–0190, unreported, 2000 WL 757458 citing *State v. Stumpf* (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598, 607–608.

As the majority states, the *Peterseim* test is applicable only with a presentence motion to withdraw a plea. See *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98–T–0182, unreported, 2000 WL 522440 citing *Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863. However, when a motion to withdraw a plea is made after sentencing, an appellant bears the burden of showing the existence of a "manifest injustice." *Jackson,* quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus; · *State v. Perry* (May 2, 1997), Trumbull App. No. 95–T–5315, unreported, 1997 WL 269202. A postsentence withdrawal motion is allowed *only* in extraordinary cases to correct a "manifest injustice." *Smith* at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326. This court has held that a hearing on a postsentence motion to withdraw a plea is not necessary if the facts alleged by a defendant, accepted as true by the trial court, would not require the court to grant the motion to withdraw the plea. *Jackson,* unreported; *State v. Blatnik* (1984), 17 Ohio App.3d 201, 204, 17 OBR 391, 394–395, 478 N.E.2d 1016, 1020–1021; *Perry,* unreported. Specifically, a trial court may deny a postsentence motion without a hearing if the defendant fails to submit evidence containing operative facts that show that the plea was coerced or induced by false promises and the record indicates that the defendant is not

entitled to such relief. *Perry*; *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 825–826. Furthermore, when the record, on its face, conclusively and irrefutably contradicts the defendant's claims in support of his postsentence motion to withdraw, a hearing is not necessary. *Perry*, citing *State v. Cosavage* (June 28, 1995), Summit App. Nos. 17074 and 17075, unreported, 1995 WL 404974.

Additionally, the trial court's adherence to the requirements of Crim.R. 11, prior to accepting a plea raises a presumption that the plea was voluntary; as a result, a defendant's motion to withdraw must make a prima facie showing of merit in order for a trial court to devote considerable time to it. *Perry*.

In *Jackson*, the defendant claimed that he had intended to admit guilt only on the charge of involuntary manslaughter and not on the count of aggravated murder because his attorney and his family had pressured him. This court held that the defendant failed to demonstrate the existence of a "manifest injustice" because the defendant signed the plea agreement while under the representation of counsel, the trial court fulfilled the requirements of Crim.R. 11 prior to accepting his plea, and the defendant's claims of undue pressure by his attorney and his family were unsubstantiated. *Id.*

In the instant case, during the second hearing, appellant claimed that he was forced to agree to the two-year prison sentence recommendation. Appellant also claimed that he had pled guilty to the wrong count because he did not forge Joseph Walsh's name. Appellant has not met his burden of showing the existence of a "manifest injustice" or extraordinary circumstances which warrant relief of his postsentence request to withdraw. Furthermore, a hearing was not necessary prior to the trial court's denial of appellant's postsentence oral motion to withdraw because the record contradicts appellant's claims of coercion and mistake. The record shows that prior to accepting appellant's guilty plea, the court satisfied the Crim.R. 11 requirements. The record also shows that, during the original sentencing hearing on August 9, 1999, appellant was in the courtroom with counsel. Counsel for both sides referred to the specific details of the plea bargain agreement and the sentence recommendation agreement. The record shows that the court personally asked appellant whether he understood the negotiations between the prosecutor and his defense counsel, whether he understood how he was charged, whether he understood what counsel had said, whether he understood that he was waiving the right to a jury trial, etc. To all questions, appellant responded that he understood. The court also asked appellant whether anyone had threatened him to secure his guilty plea. Appellant responded, "No."

During the resentencing hearing on November 15, 1999, the court asked appellant whether he wished to say anything on his behalf. At that time,

appellant made a request to withdraw his plea (three months after his written plea of guilty). Appellant's oral request lacked supporting facts or reasons. Hence, the trial court gave appellant's request the amount of consideration that it warranted. For these reasons, the trial court did not abuse its discretion when it denied appellant's postinitial-sentencing oral motion to withdraw his guilty plea made at appellant's resentencing hearing, which was convened solely to correct a clerical error.