JOURNAL ENTRY and OPINION
Appellant William D. Duckworth appeals from his conviction for driving under the influence of alcohol in violation of Cleveland Codified Ordinance 433.01(a)(1). We find that the trial court did not dispose of all of the charges pending against appellant. Therefore, we must dismiss this matter for lack of a final appealable order.
On October 27, 2000, appellant was cited for driving under the influence of alcohol ("DUI") in violation of Cleveland Codified Ordinance 433.01(a)(1); DUI in violation of Cleveland Codified Ordinance 433.01(a)(3) based on appellant's refusal to submit to a breathalyzer test; impeding the flow of traffic in violation of Cleveland Codified Ordinance 433.04; and failure to wear a safety belt, in violation of Cleveland Codified Ordinance 437.27(b)(1).
Appellant moved to suppress any evidence obtained as a result of his warrantless arrest. The court held a hearing on the motion on January 22, 2001. At the conclusion of the hearing, the court found there was probable cause to arrest appellant for DUI, and therefore overruled appellant's motion. Appellant then filed a jury demand.
The case proceeded to a jury trial on March 27, 2001. The transcript of the proceedings shows that the only issue submitted to the jury was the charge of DUI in violation of Cleveland Codified Ordinance 433.01(a)(1), and the jury found the appellant guilty of that charge. However, the court's journal entry reflects a finding of guilt not only on the DUI charge but also on the charge of impeding the flow of traffic in violation of Cleveland Codified Ordinance 433.04; the court further nolled the charge of DUI in violation of Cleveland Codified Ordinance 433.01(a)(3).
A subsequent judgment entry indicates that the court sentenced appellant to a five hundred dollar fine and 180 days in jail on the DUI charge. The court also imposed and suspended a fifty dollar fine for impeding the flow of traffic. Nowhere in the record does the court dispose of the charge of failure to wear a safety belt.
 * * * the provisions of Criminal Rule 32(B) [now Crim.R. 32(C)] impose on a trial court a mandatory duty to set forth the verdict or its findings as to each and every charge prosecuted against an accused, and failure to do so renders the judgment substantively deficient under the rule. In [the] absence of a signed journal entry reflecting the court's ruling as to each charge, the order of the trial court is interlocutory.
State v. Brown (1989), 59 Ohio App.3d 1, 2; also see State v. Collins
(Oct. 18, 2001), Cuyahoga App. No. 79064, unreported.
The trial court here did not dispose of all the charges against appellant. Therefore, it has not issued a final appealable order.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and ANN DYKE, J., CONCUR.