JOURNAL ENTRY AND OPINION
Appellant Maurice Gales appeals from his convictions for possession of drugs and for preparation of drugs for sale. We find that the trial court did not dispose of all of the charges pending against the appellant. Therefore, we must dismiss this matter for lack of a final appealable order.
On October 31, 2001, the appellant was indicted on a three count indictment for possession of drugs in violation of R.C. 2925.11; for preparation of drugs for sale in violation of R.C. 2925.07; and for possession of criminal tools in violation of R.C. 2923.24.
On December 22, 2000 the appellant moved for the return of the illegally seized property, which the trial court denied on October 10, 2001. On January 19, 2001 the appellant moved to suppress evidence andfor the return of the illegally seized property, which the trial court denied after hearing testimony on April 10, 2001.
The case proceeded to a jury trial on May 23, 2001. The jury returned its verdicts and found the appellant guilty of possession of drugs and for preparation of drugs for sale, but found the appellant not guilty of possession of criminal tools.
The trial court's journal entry states that the jury found the appellant guilty of possession of drugs and preparation of drugs for sale and sets forth the sentence of a term of imprisonment for one year as to each count with the terms to run consecutively. The court also suspended the appellant's driver's license for five years.
In State v. Brown (1989), 59 Ohio App.3d 1, 569 N.E.2d 1068, this court held:
 The provisions of Crim.R. 32(B) impose on a trial court a mandatory duty to set forth the verdict on its findings as to each and every charge prosecuted against an accused, and failure to do so renders the judgment substantively deficient under the rule. In the absence of a signed journal entry as to each charge, the order of the trial court is interlocutory.
Id. at 2; also see City of Cleveland v. Duckworth (Jan. 24, 2002) Cuyahoga App. No. 79658, unreported and State v. Collins (Oct. 18, 2001), Cuyahoga App. No. 79064, unreported.
Therefore, as the trial court failed to set forth the disposition of the charge of possession of criminal tools, the instant appeal is interlocutory and not a final appealable order as required by Crim.R. 32(B). The appellant's appeal is dismissed and the case is remanded to the trial court for further proceedings consistent with this opinion.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.