JOURNAL ENTRY and OPINION
{¶ 1} Appellant Carl E. Dietz appeals from his conviction for driving under the influence of alcohol in violation of R.C. 4511.19. Dietz was charged with driving while under the influence of alcohol and operating a vehicle with a suspended license in violation of section335.07(E) of the Lakewood Codified Ordinances. The case proceeded to a jury trial, after which the jury found Dietz guilty of both charges. The court orally pronounced sentence on both charges. However, the record includes a judgment only as to the charge of driving while under the influence of alcohol.
 {¶ 2} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." We have previously held that "the provisions of Criminal Rule 32(B) [now Crim.R. 32(C)] impose on a trial court a mandatory duty to set forth the verdict or its findings as to each and every charge prosecuted against an accused, and failure to do so renders the judgment substantively deficient under the rule. In [the] absence of a signed journal entry reflecting the court's ruling as to each charge, the order of the trial court is interlocutory." State v. Brown (1989), 59 Ohio App.3d 1, 2; also see Cleveland v. Duckworth (Jan. 24, 2002), Cuyahoga App. No. 79658;State v. Collins (Oct. 18, 2001), Cuyahoga App. No. 79064.
 {¶ 3} The record does not demonstrate that the trial court disposed of all the charges against appellant. Therefore, it has not issued a final appealable order.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.