OPINION
{¶ 1} Appellant, Virgil O. Fritz, timely appeals his conviction by the Portage County Municipal Court for disorderly conduct in violation of R.C. 2917.11, a minor misdemeanor. For the reasons that follow, we affirm.
 {¶ 2} On October 31, 2005, the Portage County Municipal Court found appellant guilty of disorderly conduct for activities that took place on July 16, 2005. The trial court fined appellant fifty dollars plus court costs and provided ninety days for payment of the same. Appellant timely appeals asserting the following assignments of error:
 {¶ 3} "[1.] The Magistrate, Judge Nome, [sic] erred by excluding the Geauga Community Hospital (part of University Hospital Systems) records from the case.
 {¶ 4} "[2.] In the Magistrate's Judge Nome's, [sic] statements before sentencing, he stated that "he (meaning me, the defendant) [sic] should have found another way," yet offered no `other way' and by this statement, without substantive alternatives, erred by not considering that this very statement suggests reasonable doubt."
 {¶ 5} According to appellant's notice of appeal, filed with this court on November 29, 2005, appellant ordered a complete transcript of the hearing in this underlying action from the court reporter. Appellant did not provide an estimated completion date. However, no transcript was ever filed with this court.
 {¶ 6} According to App.R. 9, it is the duty of appellant to provide a transcript for appellate review. See, State v. Skaggs
(1978), 53 Ohio St.2d 162, 163. "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk." App.R. 9(B).
 {¶ 7} Appellant has failed to meet this burden. Without the transcript or other appropriate record of proceedings, appellant cannot demonstrate his claimed error and we are unable to reach the merits of appellant's assignments. Therefore, we are obligated to presume the validity of the trial court's proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; see, also, Lile v. Snyder (March 8, 1985), 11th Dist. No. 3464, 1985 Ohio App. LEXIS 6017, 4.
 {¶ 8} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Portage County Municipal Court, Ravenna Division is affirmed.
Ford, P.J., Grendell, J., concur.