OPINION
{¶ 1} Deshawn Hall appeals from a decision of the Montgomery County Court of Common Pleas, which denied his motion to withdraw his guilty pleas to possession of crack cocaine and theft by deception.[1]
 {¶ 2} The record reveals the following facts.
 {¶ 3} On March 25, 2003, Hall was indicted for theft by deception, a felony of the fifth degree. State v. Hall,
Montgomery Case No. 2002-CR-4453. The court granted him diversion through the prosecutor's diversion program, and his case was stayed pending the outcome of his participation in that program. Hall apparently did not complete the program successfully, and the case ultimately was returned to the court's docket.
 {¶ 4} On January 14, 2005, Hall was indicted for possession of crack cocaine, possession of cocaine, and possession of criminal tools. State v. Hall, Montgomery Case No. 2005-CR-98/3. These charges stemmed from a drug raid at an apartment at which Hall and two of his friends were present. Hall's friends were also indicted as co-defendants for these offenses. Hall moved to suppress the drugs. The court overruled the motion.
 {¶ 5} On September 6, 2005, the scheduled trial date for the drug offenses, Hall entered pleas of guilty to possession of crack cocaine and to theft by deception. In return, the state nolled the charges for possession of cocaine and possession of criminal tools. In addition, the state agreed to a mandatory minimum three-year sentence for possession of crack cocaine and that the sentence would run concurrently with the sentence for theft by deception. The court indicated that it would sentence Hall to the mandatory minimum three years in prison for possession of crack cocaine, as agreed by the parties, and that it would sentence Hall to nine months of incarceration for the theft charge, to be served concurrently, provided that Hall appeared for sentencing and "did not get in trouble" in the interim. Sentencing was scheduled for October 18, 2005.
 {¶ 6} Hall failed to appear for sentencing. Shortly afterward, Hall wrote a letter to the court, apologizing for his failure to appear and asking for "an extension to get my life somewhat together and prepare my family for my departure." He wrote: "With that I can get myself together to pay my debt to society and do my time and get released and become a productive member of society."
 {¶ 7} On November 9, 2005, Hall, with new counsel, filed a motion to withdraw his pleas. He asserted that he was innocent of the charges, that his pleas were not voluntary, and that he wished to go to trial. The court held a hearing on the motion on January 11, 2006. Hall was the only witness. He testified that he had not been aware of the drugs at the apartment, that a handwritten diagram of a "Big Plan" for drug distribution that was found at the apartment was a fantasy drawn up by one of his co-defendants, and that his trial attorney had ignored his protestations of innocence. Hall's testimony did not address the theft by deception charge.
 {¶ 8} On January 18, 2006, the court overruled Hall's motion to withdraw his pleas. Treating the motion as one filed after sentencing, the court concluded that Hall had failed to demonstrate that a "manifest injustice" had occurred. Moreover, the court found that Hall had understood the charges, his rights, and the plea agreement; that he had entered his plea knowingly and voluntarily; and that Hall had simply had a "change of heart." The court found Hall's testimony at the hearing to be not credible.
 {¶ 9} On January 26, 2006, the court sentenced Hall to six months of imprisonment for theft by deception and to three years of incarceration for possession of crack cocaine. The court also ordered him to pay a mandatory fine of $10,000, and it suspended his driver's license for three years.
 {¶ 10} On appeal, Hall claims that the trial court abused its discretion in denying his motion to withdraw his pleas.
 {¶ 11} Pre-sentence motions to withdraw a plea should be liberally granted, provided the movant provides a reasonable and legitimate basis for the withdrawal. State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715; State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Xie, supra, at paragraph one of the syllabus. A decision to allow the withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. "[A] trial court will not be found to have abused its discretion in denying a motion to withdraw a plea where (1) the accused is represented by highly competent counsel, (2) the accused received a full hearing pursuant to Crim.R. 11, (3) the accused is given a complete and impartial hearing on the motion to withdraw after it is filed, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Ramos,
Montgomery App. No. 19429, 2003-Ohio-2086, ¶ 8; State v.Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 12} A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; State v. Harris, Montgomery App. No. 19013, 2002-Ohio-2278, citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." Statev. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499. When a Civ.R. 32.1 motion is made before a sentence is imposed but after the defendant is made aware of the likely sentence, the "manifest injustice" standard also applies. State v. Long (May 13, 1993), Montgomery App. No. 13285.
 {¶ 13} Upon review of the record, we agree with the trial court that Hall did not demonstrate the existence of "manifest injustice." Hall testified at the hearing that he had accepted the plea because his attorney had indicated that he would be subject to a longer sentence if convicted at trial and his attorney did not think that he could win at trial. Hall acknowledged that he had had pre-plea conversations with the prosecutor, during which he learned that his co-defendants would be accusing him of possessing the drugs. Hall's counsel correctly informed him that he could face a longer sentence if he were convicted at trial. Although Hall maintained at the hearing that he was innocent, the trial court reasonably found Hall's testimony to be not credible. As noted by the trial court, Hall's letter did not include any claim of innocence or that he was misled by his trial counsel but, rather, spoke of paying his debt to society. The court reasonably rejected Hall's explanation that the "Big Plan" was merely a fantasy by his friends. Moreover, the record of the plea hearing indicates that Hall understood the charges and entered into his plea knowingly, intelligently, and voluntarily. In sum, the record does not reflect the "extraordinary case" where a manifest injustice exists.
 {¶ 14} Even using the more lenient standard for pre-sentence motions, which Hall uses in his brief, we find no abuse of discretion in the trial court's denial of his motion to withdraw his pleas. It is undisputed that Hall was given a complete and impartial hearing on the motion to withdraw his plea, and that the court gave full and fair consideration to the plea withdrawal request. The record further demonstrates that Hall received a full hearing pursuant to Crim.R. 11, and he acknowledges that he heard the trial judge's colloquy at the time that he entered the plea. Although Hall claims that he "really didn't listen to what the judge was saying" because he was afraid, the record reflects otherwise.
 {¶ 15} The main thrust of Hall's argument is that he was not represented by "highly competent" counsel. He complains that his trial counsel told him that he would likely face a longer sentence if he did not take the deal; ignored his claim of innocence; took no action when informed that the drugs belonged to Jermaine, the cousin of one of his co-defendants; told Hall that he would have to prove that the drugs did not belong to him; and failed to advise him about entering a plea pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162.
 {¶ 16} In our judgment, the record does not demonstrate that Hall was represented by less than "highly competent" counsel. Considering that Hall was charged with possession of crack cocaine in an amount which equaled or exceeded 25 grams but was less than 100 grams, a first degree felony, he faced a sentence up to ten years in prison, including a mandatory minimum three-year sentence. Thus, his counsel was not remiss in advising Hall to "[t]ake the three years or you take the chance of going to trial and getting more." Moreover, from the record, his counsel's advice was reasonable. The police had found a handwritten business plan for drug dealing, which identified Hall, his two co-defendants, and a fourth friend. Hall was informed prior to the plea that his co-defendants placed the blame on him. Although Hall claimed that the drugs belonged to Jermaine, Jermaine was not present at the house during the raid and Hall was not aware of Jermaine's last name. Thus, Hall's counsel could have reasonably concluded that Hall's protestations of innocence would likely be considered not credible at trial.
 {¶ 17} Moreover, to the extent that Hall claims that his attorney failed to inform him of his rights, the court explained those rights to him during his plea hearing, and Hall indicated that he understood those rights. Hall did not ask the court to clarify his rights, and he responded negatively when asked if he had any questions prior to pleading.
 {¶ 18} Finally, as stated above, we find no error in the trial court's conclusion that Hall's testimony at the hearing on the motion to withdraw his plea was not credible. At no point prior to the hearing did Hall claim that he was innocent. In fact, in his correspondence, Hall referred to himself as a "first-time offender" who was preparing to "pay [his] debt to society." Hall did not substantiate his claims of innocence and his counsel's alleged ineffectiveness with any evidence except his own testimony. The fact that Hall's co-defendants' trial ended in a mistrial due to a hung jury supports the trial court's conclusion that Hall merely had second-thoughts regarding his pleas.
 {¶ 19} In sum, we find ample support for the trial court's conclusion that Hall "simply had a change of heart" regarding his pleas. Accordingly, the trial court did not err in overruling Hall's motion to withdraw his pleas.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} The judgment of the trial court will be affirmed.
 . . . . . . . . . .
Fain, J. and Donovan, J., concur.
[1] Although the transcript of the plea hearing indicates that Hall pled guilty to both offenses, the pleas signed by Hall, his counsel, and the court indicate that Hall pled no contest to possession of crack cocaine and guilty to theft by deception. This discrepancy has no effect on the outcome of this appeal.