OPINION
{¶ 1} Appellant, Albert Stevens, appeals from the judgment of the Portage County Court of Common Pleas, which denied his motion to withdraw his guilty plea, and then later sentenced him for his failure to notify the sheriff of his change of address. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} Mr. Stevens, a convicted sexually oriented offender, pled guilty to one count of a failure to provide notice of his change of address, a fifth degree felony in *Page 2 
violation of R.C. 2950.05(A)(E)(1) and 2950.99(A) in March of 2007. The matter was deferred for a presentence investigation and the sentencing hearing was initially held on June 25, 2007.
 {¶ 4} At this hearing, the defense rested on the favorable presentence report, and the state's recommendation of community control sanctions. The court orally sentenced Mr. Stevens to serve six months of intensive supervised probation and forty-eight months of basic probation, with the condition that if he did well, he would be excused early. In addition, he was sentenced to serve twenty hours of community work within one hundred and eighty days, and ordered to pay a fine of $250, plus court costs. He was required, as a condition of his probation, to obtain and maintain employment within six months.
 {¶ 5} After the sentence was pronounced but prior to journalization, defense counsel asked the court to have an opportunity to counsel with Mr. Stevens before the journalization was completed, telling the judge, "We have some problems here." The court granted this oral motion.
 {¶ 6} Mr. Stevens then filed a motion to withdraw his guilty plea, arguing that he relied to his detriment on the advice of his former counsel at his plea hearing, who reportedly told him that he was "screwed" if he did not plead guilty, and would not be able to go home and see his family again if he did otherwise. On July 23, 2007, the court held a hearing on the motion. Mr. Stevens testified in his defense, alleging that the sheriffs department had recorded the wrong apartment number at the correct address, 224 Walnut Street, Ravenna, in his notice, and that an attempted eviction *Page 3 
based upon the fact that this residence was within one thousand feet of a school, was in error as he did not live in apartment number 2.
 {¶ 7} The court found Mr. Stevens' motion not well taken, and denied his motion to vacate plea. Several months later, on August 13, 2007, relying on the favorable PSI and the state's recommendation that Mr. Stevens was amenable to community control, Mr. Stevens was sentenced to serve forty-eight months basic probation, with the condition of being released early if he was doing well, and ordered to pay a $250 fine. As a condition of his probation, he was required to obtain and maintain full-time employment within two months.
 {¶ 8} Mr. Stevens subsequently appealed and now raises two assignments of error:
 {¶ 9} "[1.] The trial court abused its discretion when it unfairly and unjustly overruled Appellant's Motion to Withdraw (Pre-Sentencing) Guilty Plea.
 {¶ 10} "[2.] Defendant was denied effective assistance of counsel."
 {¶ 11} Failure to Provide a Proper Record Pursuant to App. R. 9
 {¶ 12} At the outset we must note that this appeal, as it relates to the soundness of Mr. Stevens' plea, must be disregarded as he has failed to provide us with a transcript of his plea hearing.
 {¶ 13} "According to App. R. 9, it is the duty of appellant to provide a transcript for appellate review." State v. Fritz, 11th Dist. No. 2005-P-0094, 2006-Ohio-5173, ¶ 6, citing State v. Skaggs (1978),53 Ohio St.2d 162, 163. "`At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers *Page 4 
necessary for inclusion in the record and file a copy of the order with the clerk.'" Id., quoting App. R. 9(B).
 {¶ 14} As Mr. Stevens has failed to meet this burden, he cannot now demonstrate his claimed errors as they relate to the plea hearing, and we are unable to reach the merits of whether his plea was made knowingly, voluntarily, and intelligently. Thus, "we are obligated to presume the validity of the trial court's proceedings," and must presume that Mr. Stevens' plea was adequately made and appropriately accepted. Id. at ¶ 7, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; see, also, Lile v. Snyder (Mar. 8, 1985), 11th Dist. No. 3464, 1985 Ohio App. LEXIS 6017, 4.
 {¶ 15} Motion to Withdraw Guilty Plea
 {¶ 16} In his first assignment of error, Mr. Stevens argues that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, he contends that he was not represented by competent counsel at his plea hearing because his former counsel failed to inform him of possible defenses, and that he had no choice but to plead guilty. Although he was given a hearing on his motion to withdraw, he further argues that the court abused its discretion because it did not consider his argument, or state its rationale in denying his motion.
 {¶ 17} We must first address what standard governs Mr. Stevens' motion to vacate his plea. Mr. Stevens argues that because the trial court did not journalize his sentence, and allowed him to speak with his counsel before doing so, his motion to vacate should be treated as a presentence motion, and therefore, should have been granted freely. The state, however, argues that because Mr. Stevens was already orally *Page 5 
sentenced, his motion to vacate was a postsentencing motion, was appropriately denied, and should only have been granted for manifest injustice.
 {¶ 18} We agree with Mr. Stevens that the court reviewed his motion to withdraw his guilty plea under the more liberal standard as our review indicates that the court treated this motion as a presentencing motion. At the time Mr. Stevens' counsel indicated there was a problem at the first sentencing hearing after Mr. Stevens was orally sentenced, the court discontinued the hearing and most significantly, in agreement with his counsel, did not journalize the sentence. The court then allowed Mr. Stevens the opportunity to be heard at a hearing on the motion approximately one month later, after both parties briefed the issue. The court denied the motion, and then sentenced Mr. Stevens at a second sentencing hearing approximately one month later.
 {¶ 19} Indeed, the transcript of the first sentencing hearing reveals the court treated the subsequent motion to withdraw a guilty plea as a presentence motion:
 {¶ 20} Mr. Lager [Mr. Stevens' counsel]: "Judge, we have some problems here. The Court has just rendered a sentence but the sentence is not finalized. May I have an opportunity to counsel with Mr. Stevens and talk to the Court before that journalization is done?"
 {¶ 21} The Court: "Yes, you may."
 {¶ 22} Thus, these facts are similar to those in State v. Xie (1992),62 Ohio St.3d 521, where the appellant was orally sentenced, but the sentence was not yet journalized, although in this case, the court's intent is even more clear. In Xie, the Supreme Court of Ohio determined that the appellant's motion to withdraw his guilty plea was a presentence motion because there was nothing to indicate that the court *Page 6 
treated the motion as a postsentence motion and reviewed only for manifest injustice. Likewise in the present case, there is no indication that the court reviewed for manifest injustice versus the liberal, presentencing standard, as the court stopped the sentencing hearing and did not journalize the entry. Under either standard, however, the court rightly denied his motion since Mr. Stevens did not evidence even a reasonable basis, much less that of a manifest injustice as justification to withdraw his guilty plea.
 {¶ 23} Pursuant to Crim. R. 32.1, "[a] motion to withdraw a plea should be liberally granted, provided the movant provides a reasonable and legitimate basis for the withdrawal."
 {¶ 24} Therefore, "pre-sentence motions to withdraw a plea should be liberally granted, provided the movant provides a reasonable and legitimate basis for the withdrawal." State v. Battersby, 11th Dist. No. 2007-L-023, 2008-Ohio-836, ¶ 33, quoting State v. Hall, 2nd Dist. No. 21449, 2006-Ohio-6116, ¶ 11 (citations omitted); State v. Glavic (2001),143 Ohio App. 3d 583, 587, citing Xie at 526. "However, `[o]ne who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." Id., quoting Xie at 526. "Accordingly, `the trial court's decision on a motion to withdraw will only be reversed when an abuse of discretion has occurred.'" Id., quoting State v.Mitchell (June 30, 1995), 11th Dist. No. 94-P-0070, 1995 Ohio App. LEXIS 2803, 3 (citation omitted).
 {¶ 25} "The court acts within its discretion in denying a motion to withdraw a guilty plea when the record demonstrates that `(1) the defendant was represented by highly competent counsel; (2) prior to accepting the plea, the trial court conducted a full *Page 7 
hearing on the matter, pursuant to Crim. R. 11; (3) the trial court conducted a full and impartial hearing on the motion to withdraw; and (4) the trial court gave full and fair consideration to the motion before denying it." Id. at ¶ 34, quoting Mitchell at 3 (citations omitted).
 {¶ 26} Mr. Stevens argues that the court should have granted his motion to withdraw his guilty plea because there would have been no prejudice to the state in the delay of prosecution, and more importantly, because he was innocent and introduced evidence attesting to such. He argues that he would not have pled guilty but for the advice of his counsel, who failed to inform him of various defenses he believes are applicable to his charge, and further told him that his only option was to plead guilty or he would be "screwed." We disagree.
 {¶ 27} After orally sentencing him at his first sentencing hearing, the court allowed him to halt the proceedings to consult with his subsequent counsel the moment his counsel indicated there were "problems." After a submission of a written motion and briefs, the court gave Mr. Stevens a hearing on his motion to withdraw his plea, during which he presented his argument that his first counsel's performance had been defective. Indeed, his attorney argued during the hearing on his motion to withdraw that his first counsel, who was also from the Public Defender's Office, erred in failing to advise Mr. Stevens of his possible defenses.
 {¶ 28} While that may be true, it is also true that Mr. Stevens had no defenses that are applicable under the circumstances of this case. Further, the court had the opportunity to reexamine whether Mr. Stevens' guilty plea was accepted in accordance *Page 8 
with Crim. R. 11. As we noted above, we must presume regularity of those proceedings and accordingly, agree with the trial court that the motion was appropriately denied.
 {¶ 29} Evidence of Viable Defenses
 {¶ 30} While Mr. Stevens argues that he has various defenses that should have been raised, he failed to introduce any evidence of these defenses at his hearing on his motion to withdraw, or to demonstrate the result would have been otherwise. Specifically, Mr. Stevens testified that he was first evicted in 2005 because he was residing within a school zone. At that time, he was living with his grandparents at 228 Dodge Street, in Kent, Ohio. He then moved after receiving the eviction notice and stayed with a friend, "Melissa." He went to the sheriffs office to register this new address on September 14, 2006. Apparently, he gave or the sheriffs deputy recorded the wrong apartment number at the correct address. He was listed as residing at 224 Walnut Street, Apartment 2, in Ravenna, Ohio, which is also in a school zone. He argues, however, that Melissa did not live in Apartment 2, but rather, Apartment 3. Apartment 2, in fact, is where Melissa's identical twin lives. Thus, he argues he was evicted from the wrong address.
 {¶ 31} Mr. Stevens also argues that when he notified the Sheriffs department of his change of address, he was not aware of the actual apartment number. Mr. Stevens' own testimony undercuts his argument:
 {¶ 32} Mr. Finnegan [on behalf of the state]: "So it was your own handwriting that wrote Apartment 2?"
 {¶ 33} Mr. Stevens: "No, that was —"
 {¶ 34} Mr. Finnegan: "That's what the Sheriff wrote." *Page 9 
 {¶ 35} Mr. Stevens: "After I wrote and after I'd written the address, she had got the paper back and she asked me what's your apartment number, and I told her right then, I said I'm not sure if it even had an apartment number. I can find out before I let you know this. She was like for the purposes of [sic] you need to register now, we got to go through with it, so I was like, okay."
 {¶ 36} Mr. Finnegan: "And she told you that if you got the wrong apartment, just come back we will change the paperwork?"
 {¶ 37} Mr. Stevens: "Yes."
 {¶ 38} Mr. Stevens claims that because he was working every day, he was unable to contact the deputy with the correct apartment number. By the time he had an opportunity, fourteen days had passed, and the eviction proceedings and charges had already been instituted against him. Thus, in addition to his argument that the deputy recorded the wrong apartment number, he also argues that he did not have an opportunity to inform the deputy of his exact apartment number but fails to give a reason as to why he did not have access over a span of two weeks to a telephone in this day of modern communication. It is puzzling that Mr. Stevens claims that the deputy recorded the wrong number, and yet, also claims they had a discussion that he would be calling her back as soon as he found out the proper apartment number.
 {¶ 39} Pursuant to R.C. 2950.05(G), it is an affirmative defense to an allegation of failure to notify of changed address by showing compliance with the notification requirements as soon as possible, or at the latest, the following business day after learning of the new address. If the person is unable to provide written notice, they may do so by telephone "immediately upon learning of the address change, or if the person *Page 10 
did not have reasonable access to a telephone at that time, as soon as possible, but not later than the end of the first business day, after learning of the address change and having reasonable access to a telephone * * *." R.C. 2950.05(G)(1)(a).
 {¶ 40} What is clear from our review is that regardless of the apartment number, Mr. Stevens was residing in the building, which was within one thousand feet of Ravenna High School. Most fundamentally, Mr. Stevens did not provide written or telephonic notice to the Portage County Sheriffs Office at least twenty days prior to changing his residence address, or as soon as he was reasonably able after learning of the new address pursuant to R.C. 2950.05(G)(1)(a).
 {¶ 41} Thus, Mr. Stevens has failed to show compliance with the required statutory notice. Moreover, this is not the first time Mr. Stevens has been convicted of failing to give notice of his changed address, and he himself testified that he was aware of these requirements. Quite simply, the affirmative defenses pursuant to R.C. 2950.05(G) is not applicable as Mr. Stevens never complied with his duty to register.
 {¶ 42} In fact, Mr. Stevens testified that after he registered the Walnut address, and upon his receipt of a confirmation letter from the deputy, he called her to "let her know I was okay, told her what was going on with myself and that was that." Although he was speaking directly to the same deputy who evidently recorded his residential information, he failed to update her as to the proper apartment number.
 {¶ 43} Therefore, it is clear that Mr. Stevens did not allege a legitimate or reasonable basis for withdrawing his guilty plea. We cannot say the court abused its discretion in denying his motion, after giving him a full opportunity to be heard, and carefully considering the arguments and briefs of the parties. *Page 11 
 {¶ 44} Mr. Stevens' first assignment of error is without merit.
 {¶ 45} Effective Assistance of Counsel
 {¶ 46} In his second assignment of error, Mr. Stevens reiterates his argument that his former counsel was ineffective at his plea hearing because he did not inform him of his possible defenses. Thus, he contends but for his counsel's advice, he would not have pled guilty. We find this argument without merit.
 {¶ 47} "In reviewing an ineffective assistance of counsel claim, the benchmark is `whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" State v. Batich, 11th Dist. No. 2006-A-0031, 2007-Ohio-2305, ¶ 42, quoting Strickland v. Washington
(1984), 466 U.S. 668, 686. "To successfully assert ineffective assistance of counsel, appellant must show that the attorney made errors so serious that he or she was not functioning as `counsel' as guaranteed by the Sixth Amendment, and appellant must show that he or she was prejudiced by the deficient performance. In other words, appellant must show `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., quoting Strickland at 694. Further, "we presume that counsel's conduct was competent." Id. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 48} "In order to satisfy the Strickland test, we need not address the first prong (regarding the deficiency of counsel's performance) `[i]f it is easier to dispose of an ineffectiveness claim on the ground of sufficient prejudice * * *.'" Id. at ¶ 43, quoting *Page 12 Strickland at 697; see, also, State v. Peacock, 11th Dist. No. 2002-L-115, 2003-Ohio-6772, ¶ 12-13.
 {¶ 49} As applied to this case, Mr. Stevens cannot show that he was prejudiced by his first counsel's actions. As demonstrated in our disposition of the first assignment of error, even if his counsel had failed to advise him of various defenses, Mr. Stevens did not demonstrate that any were applicable to this case. Indeed, at his hearing on his motion to withdraw his guilty plea, he testified that he was residing at 224 Walnut Drive, which is within the vicinity of a school zone, albeit he was living in Apartment 3, rather than Apartment 2. Further, he failed to provide any proper reason as to why he did not have access to a telephone so that he could advise the deputy of his proper apartment number. Moreover, Mr. Stevens cannot now attack whether the court improperly accepted his plea because he failed to provide us with a transcript of the plea hearing. Thus, we must presume the regularity of the proceedings and affirm.
 {¶ 50} Mr. Stevens' second assignment of error is without merit.
 {¶ 51} The judgment of the Portage County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., Concur. *Page 1